YAMULLA TRUCKING & EXCAVAT-
ING COMPANY, INC., Yamulla Con-
struction Corp., Formally Yamulla
Equipment Construction Co., Inc., and
Gowen Coal Company, Appellees,

v.

Stanley JUSTOFIN and Caroline Justo-
fin, His Wife, Leonard Justofin, James
Justofin and Judith Justofin, His
Wife, Appellants.

Superior Court of Pennsylvania.

Argued Nov. 1, 2000.

Filed March 7, 2001.

Donald A. Bailey, Harrisburg, for appellants.

Thomas J. Carlyon, Hazelton, for appellees.

Before POPOVICH, EAKIN and BECK, JJ.

POPOVICH, J.:

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Luzerne County granting appellees' petition for contempt and injunctive relief. Upon review, we affirm.

¶ 2 The relevant facts and procedural history are as follows: This action involves a longstanding property dispute between the parties. It was commenced by appellees on May 20, 1976, when appellees filed a complaint in equity against appellants for trespassing on appellees' property. The lower court, on February 24, 1978, entered a decree *nisi* which provided, *inter alia*, that appellants were enjoined from trespassing upon or defacing, either directly or indirectly, the property of appellees which included the lands immediately adjacent to the east, south and west of appellants' property. On March 21, 1979, the decree *nisi* was made a final decree, and an appeal therefrom was discontinued on September 21, 1979.

¶ 3 Subsequently, appellees filed a petition for contempt against appellants alleging a violation of the court's decree. The contempt proceeding was resolved by a stipulation of the parties, and the court entered an order on September 19, 1989, based upon that stipulation.

¶ 4 On August 17, 1998, appellees again filed a petition for contempt, alleging that appellants violated the order of September 19, 1989. Four hearings were conducted on the matter, and the lower court found that appellants violated the order and directed appellants to cease and desist from any further interference with appellees' property. This appeal followed.

¶ 5 Herein, appellants contend that the lower court abused its discretion by failing to consider evidence of a satellite survey purporting to show the existence of vacant land not revealed by the survey that formed the basis of the order of September 19, 1989. Appellants also argue that the lower court erred in finding that relitigation of the issue of the existence of vacant land was barred by *res judicata*, collateral estoppel and the coordinate jurisdiction rule.

¶ 6 Initially, we address appellants' claim that the lower court erred by failing to consider evidence offered in support of their contention that they were not in violation of the original order but were on previously unidentified vacant land. We find that whether the lower court considered the evidence offered by appellants is immaterial because the doctrines of coordinate jurisdiction, *res judicata* and collateral estoppel apply to the case at bar.

¶ 7 The lower court ruled that the order of September 19, 1989, controlled the dispute between the parties. The order was based upon a stipulation in which

both parties agreed to accept the findings of an independent surveyor as to the issues of the existence of vacant land and the boundaries of the parties' respective properties. The survey found that there was no conclusive evidence of any vacant land and determined boundaries of certain disputed property. The lower court incorporated the report completed by two independent surveyors in the order of September 19, 1989. The lower court in the present dispute relied on that order in granting appellees' petition for contempt and preliminary injunctive relief.

¶ 8 First, we address the issue of whether coordinate jurisdiction applies to the present case. Judges of coordinate jurisdictions sitting in the same court and in the same case should not overrule the decisions of each other. *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989) (citing *Marmara v. Rawle*, 264 Pa.Super. 229, 399 A.2d 750 (1979)). *See also Commonwealth v. Lagana*, 510 Pa. 477, 509 A.2d 863 (1986). We note that this rule is not a matter of jurisdiction *per se*. Rather, it is a rule of sound jurisprudence based on the policy of fostering finality of pre-trial applications so that judicial economy and efficiency can be maintained. *Commonwealth v. Griffin*, 257 Pa.Super. 153, 390 A.2d 758 (1978). *See also Reifinger v. Holiday Inns, Inc.*, 315 Pa.Super. 147, 461 A.2d 839 (1983). We agree with the lower court's application of the principles of coordinate jurisdiction to this case and conclude that the court was correct in declining to overrule or reopen the issues of disputed boundary lines and whether vacant land exists adjacent to appellees' property.

¶ 9 The lower court also found that the doctrines of *res judicata* and collateral estoppel barred appellants from relitigating their claim with regard to the issue of vacant land. We agree. We first consider *res judicata*. Pursuant to the doctrine of *res judicata*, a final judgment on the merits by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action. *Matternas v. Stehman*, 434 Pa.Super. 255, 642 A.2d 1120 (1994) (citing *Mintz v. Carlton House Partners, Ltd.*, 407 Pa.Super. 464, 595 A.2d 1240 (1991)). The purposes behind the doctrine, which bars the relitigation of issues that either were raised or could have been raised in the prior proceeding, *Dyer v. Travelers*, 392 Pa.Super. 202, 572 A.2d 762 (1990), are to conserve limited judicial resources, establish certainty and respect for court judgments, and protect the party relying upon the judgment from vexatious litigation. *See Mintz, supra.* In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction. *Id.* Furthermore, we note that the application of *res judicata* requires the concurrence of four conditions between the present and prior actions: 1) identity of issues; 2) identity of causes of action; 3) identity of parties or their privies; and 4) identity of the quality or capacity of the parties suing or being sued. *Id.*

¶ 10 All four conditions are clearly present in this case. In the case at bar, we have the same litigants disputing the issue of the existence of vacant land in a petition for contempt of the order entered in September of 1989. There is no question that we have a final judgment on the merits by a court of competent jurisdiction. In fact, there is more than one order that may qualify as a final judgment on the merits in this case. We have a final decree entered on March 21, 1979, and a subsequent order entered on September 19, 1989, both disposing of the issue of the existence of vacant land. The order entered on September 19, 1989, arose out of a petition for contempt filed by appellees

claiming that appellants violated the provisions of the final decree. The lower court ordered the parties to agree to a method to resolve the longstanding dispute. The parties agreed by stipulation to accept the findings of fact of the independent surveyors as a final determination of the existence of vacant land and the contested boundary lines of the Oliver Helm Justofin property. The stipulation provided as follows:

> WHEREAS, in order to avoid future doubt, confusion and litigation between the parties as to the size, location, boundary lines and ownership of their respective lands, the parties have agreed to a recommendation by this Court whereby they mutually agree to engage the services of an independent registered surveyor and to have said independent registered surveyor acquire from the parties their respective positions and documentations to support their positions. Further, the parties agreed that said surveyor would make his own ground survey that he feels necessary to supplement any documentation submitted to him and to make his own independent findings and subsequent thereto would submit said findings to the Court to establish the ownership of the land of the Defendants and/or their designees and the location and status of adjoining lands with particular emphasis on the size, location and boundary lines of the Oliver Helm Tract; and

> \* \* \*

> IT IS AGREED by and between the Plaintiffs and Defendants, their heirs, administrators, and assigns that in order to avoid future confusion, litigation and adverse claims between the parties hereto, their heirs, administrators, executors and assigns as to the size, location, and boundaries of their respective lands in Black Creek Township, Luzerne County, Pennsylvania, that the finding of the independent surveyor shall be *conclusive, final and binding* on Plaintiffs and Defendants and shall be incorporated in the Order of Court without any further direct recourse between the parties, up to the events, occurrences and/or transactions that occurred and/or happened up to the time period of Thursday, the 5th of May, 1988, at 10:30 o'clock, a.m., wherein the parties have agreed to have the matter submitted to the independent registered surveyor in this matter, and the undersigned do hereby agree, on behalf of their respective clients, that they are authorized by their clients to execute this Stipulation on behalf of their clients. Exhibit A Order of September 19, 1989.

¶ 11 The above stipulation was incorporated in the order of September 19, 1989, as was the report of the surveyors which found that "no conclusive evidence was presented to establish the existence of vacant land," and specifically described the boundaries of the disputed property. Exhibit B of Order of September 19, 1989. Thus, we conclude that because a final judgment was entered which determined the boundaries of the parties' property and found no conclusive evidence that vacant land existed, *res judicata* bars re-litigation of that issue in the present case. Accordingly, appellants may not now claim that the lower court erred by failing to consider evidence offered to prove the existence of vacant land because they are bound by the order of September 19, 1989.

█ ¶ 12 Additionally, we agree that collateral estoppel bars appellants from re-litigating the issue of the existence of vacant land. Collateral estoppel is closely related to *res judicata* but bears certain distinctions:

> We note that the doctrine of *res judicata*, subsumes the more modern doctrine

of issue preclusion which forecloses re-litigation in a later action, of an issue of fact or law which was actually litigated and which was necessary to the original judgment. *Clark v. Troutman,* 509 Pa. 336, 502 A.2d 137 (1985). Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *Philadelphia Marine Trade Association v. International Longshoremen's Association,* 453 Pa. 43, 308 A.2d 98 (1973).

*City of Pittsburgh v. Zoning Board of Adjustment,* 522 Pa. 44, 559 A.2d 896 (1989).

¶ 13 As we have stated, the issue of the existence of vacant land was decided by the final order of September 19, 1989. Appellants, against whom the petition is asserted, are the same as in the previous case. Appellants had a full and fair opportunity to litigate the issue of the existence of vacant land, and the determination of the surveyors that there was no evidence of vacant land was essential to the judgment entered in September of 1989. Thus, appellants are estopped from re-litigating the issue. Accordingly, we find that the lower court was correct in finding that the doctrines of *res judicata* and collateral estoppel bar appellants from re-litigating the issue of the existence of vacant land.

¶ 14 Order affirmed.