J-A33013-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LEEANN PAINTER-FRANCIS, EXECUTRIX OF THE ESTATE OF DOROTHY M. PAINTER, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| TERRY L. PAINTER, JOY E. PAINTER HOWARD, RODGER C. PAINTER AND PAULA V. PAINTER, HIS WIFE, DAVID L. PAINTER AND CAROL A. PAINTER, HIS WIFE, AND DANIEL H. PAINTER | : : : : : : | |
| APPEAL OF: TERRY L. PAINTER | : | No. 185 WDA 2016 |

Appeal from the Order Entered January 27, 2016
in the Court of Common Pleas of Westmoreland County,
Civil Division, at No(s): 5302 of 2008

\*\*\*\*\*

| | | |
|---|---|---|
| TERRY L. PAINTER | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : | |
| v. | : : : | |
| JOY E. HOWARD, FORMERLY JOY E. PAINTER, DAVID L. PAINTER AND CAROL A. PAINTER, HIS WIFE | : : : | No. 901 WDA 2016 |

Appeal from the Order Entered June 2, 2016
in the Court of Common Pleas of Westmoreland County,
Civil Division, at No(s): 235 of 2016

BEFORE:   LAZARUS, SOLANO, and STRASSBURGER, JJ.\*

CONCURRING AND DISSENTING MEMORANDUM BY STRASSBURGER, J.:

**FILED: FEBRUARY 27, 2017**

\*Retired Senior Judge assigned to the Superior Court.

***The Partition Action (185 WDA 2016)***

In this appeal, Terry L. Painter (Terry) appeals from a trial court order denying exceptions to a final report of the Special Master, which provided that Joy E. Howard Painter (Joy) had assigned her 1/10 share to Carol and David Painter (Carol and David); thus, Carol and David held a 3/10 interest in the real estate at issue. In other words, the trial court adopted the Special Master's report, which paved the way for the sale of the real estate.

Terry suggests that the order he has appealed from is a final order pursuant to Pa.R.A.P. 341. However, "[a]n order directing the sale of real estate is certainly not a final order, as it has not disposed of all claims, as credits and debts remain to be considered." ***Zablocki v. Beining***, ___ A.3d ___, 2017 WL 542021, at *2 (Pa. Super. Feb. 10, 2017). Accordingly, the appeal at this docket number must be quashed as this Court does not have jurisdiction to entertain it. Thus, I respectfully dissent as to the Majority's disposition of the partition action.

***The Contract Action (901 WDA 2016)***

In this appeal, Terry appeals from an order sustaining preliminary objections and dismissing his complaint. Specifically, the trial court concluded that the "issues raised and claims asserted in [Terry's] complaint were litigated, decided, and are currently on appeal in [this] Court

in the partition action…, [thus,] the action is barred by pendency of the prior action, principles of *res judicata* and collateral estoppel." Trial Court Opinion, 3/1/2016, at 1 (unnecessary capitalization omitted).

"Pursuant to the doctrine of *res judicata*, a **final judgment on the merits** by a court of competent jurisdiction will bar any future suit between the parties or their privies in connection with the same cause of action." ***Yamulla Trucking & Excavating Co. v. Justofin***, 771 A.2d 782, 784 (Pa. Super. 2001) (emphasis added). Here, the final judgment relied upon by the trial court is the order in the partition case. However, as we just pointed out, the order in the partition case is not a final order. Accordingly, *res judicata* cannot apply to this action at this juncture. Therefore, I agree with the Majority decision to reverse the order of the trial court in the contract action.