**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: THE ESTATE OF LEONARD J. MOSKOWITZ, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: MICHAEL B. FEIN AND BERNICE FEIN MOSKOWITZ | No. 354 EDA 2016 |

Appeal from the Decree September 29, 2015
In the Court of Common Pleas of Delaware County
Orphans' Court at No(s): 0546-2009

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 20, 2017**

In this appeal, we address Appellants', Michael B. Fein and his mother, Bernice Fein "Moskowitz,"[1] (collectively, "the Feins") latest attempts at delaying resolution of this estate. After careful review, we affirm.

This case has an extensive history of litigation. We need not catalog this history to resolve the current appeal and instead refer the interested

---

[1] In a previous appeal, a panel of this Court observed that "Decedent [Leonard J. Moskowitz] and [Bernice Fein] were not spouses, notwithstanding [Michael and Bernice's] continued reference to [Bernice] as Decedent's "wife."" ***In re Estate of Moskowitz,*** 115 A.3d 372, 387 n.16 (Pa. Super. 2015). The name "Moskowitz" used in this decision refers to Leonard.

reader to the opinion that resolved one of Appellants' prior appeals[2] in this matter. **See Moskowitz**. By way of summary, in 2000, the decedent, Leonard J. Moskowitz, executed and delivered a power of attorney ("POA"), appointing Michael as his agent. In 2009, mere weeks before Moskowitz's death, Michael used the POA to ratify the transfer of a significant number of assets out of Moskowitz's possession and into the possession of Bernice Fein and himself.

Moskowitz's will was presented for probate in Delaware County and, after litigation, the court determined that he was a Pennsylvania resident at the time of his death. After litigation over the appointment of Bernice as co-executor of the estate, she renounced her right to act as co-executor in favor of the appointment of an Administrator *de bonis non cum testaments annex* ("Administrator DBN-CTA"), Stephen Carroll, Esquire.

The court granted Attorney Carroll's request for an accounting of Michael's activities as Moskowitz's agent under the POA. In May 2012, Michael filed an account that identified multiple transfers of property to his mother and himself as gifts or transfers for less than adequate consideration.

Attorney Carroll responded by requesting an injunction against Micheal and Bernice to preserve the assets that had been transferred from

---

[2] By our count, this Court has quashed or dismissed at least five prior appeals in this case on jurisdictional grounds.

Moskowitz before his death. The court granted the injunctive relief and enjoined the Feins from dissipating a list of explicitly named assets in their possession. Shortly thereafter, the court ordered the Feins to account for these assets, which they did.

In response to this account, the court found that the Feins had failed to comply with its order, but allowed them further time to come into compliance. Several months later, the court found that the Feins had willfully disobeyed the court's order, and held them jointly liable for approximately $15,000 in losses suffered by the estate.

Michael submitted another account shortly thereafter. However, in October 2013, the court granted partial summary judgment to the estate on its contention that Michael had exceeded the powers granted to him under the POA when making the transfers to his mother and himself for less than adequate consideration.

The Feins appealed this decision. A panel of this Court affirmed. **See Moskowitz**. Within a matter of months after our decision, the court had found that the Feins had further dissipated assets subject to the court's prior order, and therefore sanctioned them once again.

Over the course of the next year, the court repeatedly directed the pair to account for the assets that were subject to its prior anti-dissipation order. In June 2015, the court found them in contempt once again for failing to adequately account for the assets in issue. Furthermore, the court noted

that, starting in 2013, over $300,000 had been disbursed from an account covered by the anti-dissipation order.

The court therefore ordered the Feins to transfer all the assets covered by the anti-dissipation order into the possession of the estate. Once the estate was in possession of these assets, Attorney Carroll would be responsible for submitting an opinion on the ownership of the assets, to facilitate a separation of those assets that were properly in the possession of Bernice from those assets that were owned by the estate. Bernice was explicitly granted an opportunity to dispute Attorney Carroll's opinion before any further action would be taken.

Attorney Carroll submitted his opinion, and Bernice did not challenge it. The court ordered the return of nearly $1,300,000 of assets to the estate, and again found the Feins in contempt, this time of its order directing the return of certain assets to the estate. Both the estate and the Feins filed exceptions to this order.[3] The court denied the Feins' exceptions, but granted in part the estate's exceptions. The Feins proceeded to file this timely appeal.

---

[3] The Feins' exceptions were filed in October 2015. Thus, under the Orphans' Court Rules that were operative at the time, the exceptions acted to toll the deadline for filing an appeal from the court's order, regardless of the court's failure to explicitly grant reconsideration of its order. **Compare** former Pa.O.C.R. 7.1 (repealed 9/1/2016), with Pa.O.C.R. 8.1 (effective 9/1/2016).

On appeal, they purport to raise three broad issues for our review. Our standard in reviewing decisions of the orphans' court is as follows:

> The findings of a judge of the orphans' court division, sitting without a jury, must be accorded the same weight and effect as the verdict of a jury, and will not be reversed by an appellate court in the absence of an abuse of discretion or a lack of evidentiary support. This rule is particularly applicable to findings of fact which are predicated upon the credibility of the witnesses, whom the judge has had the opportunity to hear and observe, and upon the weight given to their testimony. In reviewing the orphans' court's findings, our task is to ensure that the record is free from legal error and to determine if the orphans' court's findings are supported by competent and adequate evidence and are not predicated upon capricious disbelief of competent and credible evidence.

> When the trial court has come to a conclusion through the exercise of its discretion, the party complaining on appeal has a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence [of] record, discretion is abused. A conclusion or judgment constitutes an abuse of discretion if it is so lacking in support as to be clearly erroneous.

> We are not constrained to give the same level of deference to the orphans' court's resulting legal conclusions as we are to its credibility determinations. We will reverse any decree based on palpably wrong or clearly inapplicable rules of law. Moreover, we are not bound by the chancellor's findings of fact if there has been an abuse of discretion, a capricious disregard of evidence, or a lack of evidentiary support on the record. If the lack of evidentiary support is apparent, reviewing tribunals have the power to draw their own inferences and make their own deductions from facts and conclusions of law. Nevertheless, we will not lightly find reversible error and will reverse an orphans' court decree only if the orphans' court applied an incorrect rule

of law or reached its decision on the basis of factual conclusions unsupported by the record.

*In re Paxson Trust I*, 893 A.2d 99, 112-113 (Pa. Super. 2006) (citations and quotation marks omitted).

In their first issue, the Feins contend that the estate's request for return of assets transferred by Michael pursuant to the POA is properly classified as a tort claim for conversion. As such, they continue, the claim is barred by the applicable statute of limitations.

This argument is specious. The tort of conversion is established when a defendant has unlawfully interfered with the plaintiff's rights of ownership in his property, without the plaintiff's consent. *See McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 659 n.3 (Pa. Super. 2000). The estate's claim was not that the 2000 POA was invalid, or gained through some form of deception. Thus, the estate was not claiming that Michael had acted without Moskowitz's consent. Rather, the estate argued that Michael's actions in ratifying the transfers went beyond the legal powers that the POA had granted him. As a result, the estate's claim was not based upon an allegation that he had interfered with Moskowitz's rights in the property without Moskowitz's consent, but rather that he had failed in exercising his fiduciary duty toward Moskowitz.

Put simply, there was no claim for conversion. Therefore, the Feins' first argument merits no relief. Their second broad issue, raising various theories of jurisdictional defects, does not merit much more concern.

The Feins' second argument is comprised of six separate challenges to the jurisdiction of the orphans' court over this matter. None are serious challenges.

First, the Feins contend that the orphans' court did not have subject matter jurisdiction because the estate's claim was actually a claim for conversion and therefore did not sound in equity. We have already determined that this contention is meritless.

Next, the pair argue that the orphans' court lacked subject matter jurisdiction over the estate's claim as the assets in dispute were not in Moskowitz's possession at the time of his death. The Feins contend that, pursuant to a 1941 Supreme Court of Pennsylvania decision, the orphans' court is without jurisdiction to determine title to property that was not in Moskowitz's possession at the time of his death. **See In re Moyer's Estate**, 19 A.2d 467, 469 (Pa. 1941). However, their argument cherry-picks language from **Moyer's Estate**, and fails to acknowledge that the holding: "[w]hether the [property] was presumuptively within the possession of the testator was a jurisdictional fact within the power of the [orphans' court] to determine." **Id**., at 470.

Indeed, where there is a confidential relationship between the donor and the recipient, the law presumes that the gift was not the product of a "free, voluntary and intelligent act" of the donor. **In re Dzierski's Estate**, 296 A.2d 716, 718 (Pa. 1972). The burden shifts to the recipient to establish

that the donor intended a gift. *See id*. Thus, even accepting the Feins'

argument at face value, the orphans' court had the ability to determine

whether it had subject matter jurisdiction over the estate's claims, and the

record thoroughly supports that it had such jurisdiction.

Ultimately, however, the Feins' argument fails for the same reason

that their "conversion" argument failed: it misconstrues the nature of the

action involved. This was not, in form, a dispute over title to the assets at

issue. It was a request for an accounting of the actions taken by Michael

pursuant to the POA. The orphans' court had mandatory subject matter

jurisdiction over this request. *See* 20 Pa.C.S.A. § 711(22). Presumably, if

Michael had ever filed a complete and accurate account of his actions as

agent, and such account established that he had fulfilled his fiduciary duties,

no dispute as to the ownership, title, or possession of assets would have

ever arisen.

In light of Michael's failure to fully and accurately account for his

actions as agent, in addition to the orphans' court's conclusion that Michael

had vastly exceeded the powers vested in him by the POA, the court was left

with only one option: imposition of a constructive trust to protect the assets

from dissipation until their ownership could be determined. It was Michael's

dilatory and obfuscatory behavior which led to these orders. Thus, even

though the orphans' courts actions may be viewed in isolation as perhaps

unusual, they were the necessary and appropriate actions when viewed in

context. The Feins' contention that the orphans' court lacked subject matter jurisdiction is therefore completely meritless.

Next, the Feins argue that the orphans' court lacked jurisdiction to order Bernice to return property to the estate, as she was not an agent. Once again, this argument is specious.

This litigation arises from Michael's at best half-hearted attempts to account for his actions as Moskowitz's agent. In his several accounts, Michael identified multiple gifts to his mother, Bernice. The orphans' court determined that Michael's gifts to his mother exceed the powers granted to him by the POA. Under the Probates, Estates, and Fiduciaries Code, the orphans' court had the equitable power to order Bernice to return to the estate the assets that her son had improperly gifted her. **See** 20 Pa.C.S.A. § 5601.2(e). Thus, once again, this argument is utterly meritless, as it mischaracterizes the nature of the proceedings.

Next, the Feins argue that the orphans' court had no jurisdiction over Michael's actions as agent, as he was acting pursuant to a POA executed and controlled by New Jersey law. They provide no authority for this assertion, and for that reason, the claim is waived. **See Branch Banking and Trust v. Gesiorski**, 904 A.2d 939, 942-943 (Pa. Super. 2006) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof.")

In their fifth challenge to the jurisdiction of the orphans' court, the Feins continue in their dilatory attempt to redefine the procedural posture of the case in the orphans court. Despite acknowledging that "the [o]rphans' [c]ourt did not articulate intentional interference with an inheritance as the basis of its award[,]" Appellant's Brief, at 31, they nonetheless characterize the estate's claim as one for intentional interference with an inheritance. After setting up this straw man, the Feins then demonstrate that the facts of this matter do not qualify for relief under this tort. As we have already exhaustively detailed, the estate's claims, and the orphans' court's orders, all fall under the traditional powers of the orphans' court for administration of estates and supervision of agents acting under a POA. Their challenge on this basis is wholly devoid of merit.

In their sixth and final challenge to the orphans' court's jurisdiction, they argue that the orphans' court's order directing the return of certain property in the City of Philadelphia to the estate was barred by the doctrine of *res judicata*. As with the Feins' other jurisdictional challenges, this argument is frivolous.

The doctrine of *res* judicata holds that "[a] final judgment upon the merits by a court of competent jurisdiction bars any future suit. . . ." **Mintz v. Carlton House Partners, Ltd.**, 595 A.2d 1240, 1245 (Pa. 1991) (quoting **Stevenson v. Silverman**, 208 A.2d 786, 788 (Pa. 1965)). It bars the future litigation of issues raised and, in addition, arguments which might

be raised in the future suit. *See Neotzel v. Glasgow, Inc.*, 487 A.2d 1372, 1376 (Pa. Super. 1985). The doctrine is designed to conserve limited judicial resources, establish certainty in judgments, and protect the party relying upon the judgment from vexatious litigation. *See Yamulla Trucking & Excavating Co., Inc. v. Justofin*, 771 A.2d 782, 784 (Pa. Super. 2001). Furthermore, the parties to the subsequent action must be identical to, or in privity with, the parties to the prior action. *See Kelly v. Kelly*, 887 A.2d 788, 791 (Pa. Super. 2005).

The record establishes that Joseph Fine, who identified himself as the residuary beneficiary of Moskowitz's will, filed suit against Bernice seeking to void the gift of a property from Moskowitz to Bernice. However, the Feins concede that "Due to [Joseph Fine's] decision not to have … a personal representative [of the estate of Moskowitz] appointed, Joseph Fine's action was dismissed with prejudice by the First Judicial District." Thus, the Feins concede not only that the estate was not a party to the previous litigation, but also that there was no final judgment on the merits of the matter. *See Brown v. Cooney*, 442 A.2d 324, 326 (Pa. Super. 1982) ("A judgment for the defendant is not on the merits where it is based merely on rules of procedure rather than on rules of substantive law.") According to the Feins, Joseph Fine's action was dismissed on procedural grounds, *as he was an improper plaintiff*. Thus, the Feins admit that they cannot establish that the judgment was on the merits or that the estate was in privity with a party to

the prior litigation. As such, the Feins' final challenge to the orphans' court's jurisdiction is meritless.

In their third and final broad issue raised on appeal, the Feins finally acknowledge the obvious nature of the proceedings in the orphans' court. They raise four separate challenges to the orphans' court's rulings on Michael's attempts at providing an account of his actions as an agent for Moskowitz. Perhaps unsurprisingly, we conclude that none of these arguments has any merit.

The Feins first argue that the orphans' court misconstrued the order it entered on August 8, 2012. In particular, they argue that the order did not prohibit them from dissipating the value of an account below $532,493.08, which is the value they believed the estate was entitled to. The order provided, in relevant part:

> (1)    Respondents Bernice Fein and Michael B. Fein, Esquire, individually and as agent for Bernice Fein are **_ENJOINED_** from directly or indirectly transferring, disbursing or otherwise disposing of or dissipating any of the assets presently or formerly contained in the following accounts that were the assets of Leonard J. Moskowitz and any proceeds therefrom:
>
> [listing six accounts, including the relevant account]
>
> (2)    Respondents, Michael B. Fein, Esquire, individually and as agent for Bernice Fein, and Bernice Fein are **_ENJOINED_** from entering into any agreement to sell the real property or transferring the real property located [in Philadelphia] without gaining the prior written approval of [the estate.]

- 12 -

(3) In the event that the property located [in Philadelphia] is sold, the respondents, Michael B. Fein, Esquire individually and as agent for Bernice Fein, and Bernice Fein are **ENJOINED** from transferring, disbursing or otherwise disposing of, or dissipating the proceeds from said sale. The proceeds from said sale are to be placed in an interest bearing or dividend paying account and no withdrawals shall be permitted from same without prior court approval.

…

(5) All assets noted herein appearing in paragraphs 1, 2 and 3 of this DECREE, which are held by Bernice Fein or are held by transferees from Bernice Fein are held in constructive trust for the benefit of the Estate of Leonard J. Moskowitz, deceased or further [o]rder of this [c]ourt.

Decree, 8/8/12, at 3-5.

The Feins do not argue that this order was ambiguous or unclear. Rather, they make the somewhat stunning assertion that the orphans' court did not know what it intended its own decree to mean. Our review of the decree leads us to conclude that the orphans' court's interpretation is the only reasonable one. The decree does not contain any exceptions or limitations to the prohibition on "directly or indirectly transferring, disbursing or otherwise disposing of or dissipating *any* of the assets[.]" Thus, the decree did not permit the Feins to dissipate, in any manner, *any* of the assets in the account. The Feins' contention to the contrary is completely meritless.

Next, the Feins argue that the estate is not entitled to any appreciation of the assets held in the account; rather, they contend that the estate is

entitled only to the value of those assets as of the date of Moskowitz's death. Once again, the Feins provide no authority for their argument, and it is therefore waived. ***See Gesiorski***. In any event, we can find no abuse of the orphans' court's discretion in its determination that the Feins should not benefit from their actions in depriving the estate of its assets during this protracted litigation. The Feins' argument is patently frivolous.

Next, the Feins argue that the orphans' court had no power to require Michael Fein to account for actions taken with the estate's property after the death of Moskowitz. Again, the Feins provide no authority for this argument, and it is waived. ***See Gesiorski***. In any event, it is an irrational argument. Obviously, an orphans' court must have the power to require a continuing account of assets that are the subject of litigation before it. Otherwise, defendants would be incentivized to hide the assets through a series of financial transactions, referred to in other circumstances as "money laundering," to frustrate the identification and return of such assets. Clearly, there is no relief to be had with this argument.

Finally, in their last argument, the Feins contend that the orphans' court abused its discretion in awarding attorney fees to the estate in this matter. The Feins' single paragraph of argument in support of this issue contains no citation to authority. This issue is thus waived. ***See Gesiorski***. Even if we were to reach this issue, we would note that the award of such fees is amply supported by the record of dilatory behavior on the part of the

Feins in this matter. As this memorandum makes clear, we believe that this appeal is, itself, a continuation of such dilatory behavior. The orphans' court's decision is more than reasonable in light of the record before us.

Decree affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017