J-S51017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWIN CHIN, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| STEPHEN CHIN, | | |
| Appellant | | No. 780 EDA 2017 |

Appeal from the Judgment Entered May 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2455 September Term, 2012

| | | |
|---|---|---|
| V.O. REALTY CORP., | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| STEPHEN CHIN, | | |
| Appellant | | No. 795 EDA 2017 |

Appeal from the Judgment Entered July 16, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 2325 December Term, 2012

BEFORE:  BOWES and SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 27, 2017**

---

[*]  Former Justice specially assigned to the Superior Court.

Stephen Chin ("Appellant") appeals from the orders granting partial summary judgments in favor of Appellant's brother Edwin Chin ("Edwin") and V.O. Realty Corporation ("V.O. Realty"). We affirm.

This appeal arises out of two consolidated cases (the "underlying actions").[1] In the first case, Edwin filed a complaint against Appellant at 2455 September Term, 2012, for damages to an apartment Edwin owned, which Appellant used for storage. Appellant filed counterclaims for equitable relief and damages with regard to two properties that were the subject of an orphans' court matter involving the brothers and docketed at O.C. No. 1766 DE of 2006 ("orphans' court proceeding"). The trial court entered partial summary judgment in favor of Edwin on Appellant's counterclaims, ruling they were barred by the doctrine of *res judicata*. Order, 5/16/13. As a result of the ruling, Appellant's counterclaims did not proceed to trial.

In the second case, Edwin's solely owned company, V.O. Realty, filed a complaint against Appellant at 2325 December Term, 2012, seeking eviction of Appellant and his wife from its apartment and damages for unjust enrichment or lost rental income. In response, Appellant filed an affirmative defense, claiming an ownership interest in V.O. Realty. However, Appellant claimed no such interest in the orphans' court proceeding, and the orphans' court held that Edwin solely owned V.O. Realty. Accordingly, in the second

_____

[1] The Honorable Gary Glazer consolidated the two actions on May 16, 2013. Trial Court Opinion, 11/17/16, at 1.

case, the trial court entered partial summary judgment in favor of V.O. Realty, ruling that Appellant's defense was barred by the doctrine of *res judicata*. Order, 7/19/14. As a result of the ruling, Appellant could not use his defense at trial.

Following a nonjury trial of the underlying actions on April 16, 2016, the trial court filed decisions on June 23, 2016, finding in favor of Appellant in Edwin's action and in favor of V.O. Realty in its action, but only on V.O. Realty's claim for ejectment. Edwin and V.O. Realty appealed. Appellant did not file post-trial motions or appeal the June 23, 2016 decisions, having substantially prevailed at trial. Rather, in a single notice of appeal docketed at 2322 EDA 2016 on July 21, 2016, Appellant attempted to appeal the May 16, 2013, and July 16, 2014 interlocutory orders, granting partial summary judgment in favor of Edwin at 2455 September Term, 2012, and in favor of V.O. Realty at 2325 December Term, 2012, respectively ("the Orders"). Appellant's appeal at 2322 EDA 2016 was consolidated with appeals of the June 23, 2016 decisions filed by Edwin and V.O. Realty at 2323 EDA 2016 and 2324 EDA 2016, respectively. This Court dismissed the consolidated appeals *sua sponte* for "failure to preserve issues for review." Superior Court Order, 12/20/16.

Appellant filed praecipes for entry of judgment in the underlying actions on February 1, 2017, and judgments were entered therein on February 2, 2017. Appellant then filed new notices of appeal, challenging

- 3 -

the Orders. Notices of Appeal, 2/13/17. Upon receiving the notices of appeal, the trial court opined that the Orders should be affirmed. *See* Trial Court Opinions, 3/17/17.

This Court directed Appellant to show cause why his appeals "should not be dismissed for failure to preserve any issues for appellate review." Superior Court Order, 3/17/17. Appellant responded that (1) "he seeks review of two prior interlocutory orders . . . which were completely unrelated to the conduct of the trial" and (2) because he "was the verdict winner at trial, and does not allege any error at trial, he was not required to file a post-trial motion." Response to Order to Show Cause, 3/23/17, at 3. Appellant further asserts that "it would have been inappropriate and unwarranted to ask the trial judge . . . to review" the orders of another judge entered before the matters were transferred out of the Commerce Court program.[2] *Id.* at 3.

Because the issue of appealability affects our jurisdiction, we may raise it *sua sponte*. *Morgan Trailer Mfg., Co. v. Hydraroll, Ltd.*, 804 A.2d 26, 29–30 (Pa. Super. 2002). This case involves the interplay between the

---

[2] "The Philadelphia Commerce Court Case Management Program ("Commerce Court") is a specialized civil program of the Trial Division of the Philadelphia Court of Common Pleas. Commercial and business-to-business disputes filed after January 2000, that are not subject to the court's Compulsory Arbitration Program, are assigned to the Commerce Court." http://www.courts.phila.gov/common-pleas/trial/civil/units/commerce-program.asp

J-S51017-17

preservation of issues related to pre-trial rulings and Pa.R.C.P. 227.1(c), which governs post-trial motions.  Pa.R.C.P. 227.1(c) provides as follows:

> (c) Post-trial motions **shall** be filed within ten days after
>
> > (1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or
> >
> > (2) notice of nonsuit or **the filing of the decision or adjudication in the case of a trial without jury** or equity trial.
>
> If a party has filed a timely post-trial motion, any other party may file a post-trial motion within ten days after the filing of the first post-trial motion.

*Id.* at (c)(1) and (2) (emphases added).

> The Pennsylvania Supreme Court has stated that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. ***See L.B. Foster Co. v. Lane Enterprises, Inc.***, 551 Pa. 307, 710 A.2d 55 (1998) ("Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. ***See Benson v. Penn Central Transportation Company***, 463 Pa. 37, 342 A.2d 393 (1975) and ***Commonwealth v. Metz***, 534 Pa. 341, 633 A.2d 125 (1993)"); ***Lane Enterprises, Inc. v. L.B. Foster Co.***, 551 Pa. 306, 710 A.2d 54 (1998) (same).

***Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.***, 806 A.2d 423, 428 (Pa. Super. 2002).  The plain language of Rule 227.1(c)(2) mandates the filing of post-trial motions within ten days of the filing of a decision in a bench trial in order to preserve issues for appellate review.

Notwithstanding Rule 227.1, in reviewing an order sustaining preliminary objections filed in an equity action thirty years ago, the Pennsylvania Supreme Court interpreted the exceptions requirements of

- 5 -

Pa.R.C.P. 1518—predecessor of Rule 227.1—as "intended to become operative *after* trial and by no stretch of the imagination [was it] to be applied to pre-trial orders." **U.S. National Bank in Johnstown v. Johnson**, 487 A.2d 809, 812 (Pa. 1985) (emphasis in original). Pursuant to **U.S. National Bank**, neither a pre-trial order striking a *lis pendens* nor a pre-trial order sustaining preliminary objections is an adjudication "triggering the Pa.R.C.P. 1518 exceptions requirements." **Id.** at 812–813.

Most recently, this Court applied **U.S. National Bank** in the context of a pretrial order entering partial summary judgment in favor of an automobile accident defendant. Citing **U.S. National Bank**, we stated in **Vetter v. Miller**, 157 A.3d 943 (Pa. Super. 2017), "A motion for post-trial relief may not be filed to orders disposing of motions for summary judgment." **Id.** at 948. Additionally, we have held, "[I]t is unnecessary to include a prior order granting summary judgment in post-trial motions for purposes of issue preservation." **B.K. et rel. S.K. v. Chambersburg Hosp.**, 834 A.2d 1178 (Pa. Super. 2003) (quoting **K.H. v. J.R.**, 826 A.2d 863 (Pa. 2003)); **Feeney v. Disston Manor Personal Care Home**, 849 A.2d 590 (Pa. Super. 2004) (relying on **B.K.**). The note to current Rule 227.1 echoes the case law:

> A motion for post-trial relief may be filed following a trial by jury or a trial by a judge without a jury pursuant to Rule 1038. A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or other proceedings which do not constitute a trial.

Pa.R.C.P. No. 227.1, Note (citing **U.S. National Bank**).

- 6 -

In the case at hand, Appellant has appealed two pretrial orders granting partial summary judgment to Edwin and V.O. Realty. We reiterate, "The lower court's decision to grant partial summary judgment is independently appealable upon entry of final judgment." *Vetter*, 157 A.3d at 948 (citing *Betz v. Pneumo Abex*, 44 A.3d 27, 54 (Pa. 2012) ("[A]n appeal of a final order subsumes challenges to previous interlocutory decisions.")). Final judgments were entered in the underlying actions on February 2, 2016; thus, we have jurisdiction to entertain Appellant's appeals. *See Johnston the Florist, Inc. v. TEDCO Const. Corp.*, 657 A.2d 511, 514 (Pa. Super. 1995) (*en banc*) (explaining entry of final judgment is required to invoke our jurisdiction).

Appellant raises the following questions for our consideration:

1. Whether the Trial Court erred in its May 16, 2013 order granting summary judgment against [A]ppellant on his counterclaim in *Chin v. Chin*.

2. Whether the Trial Court erred in its July 16, 2014 order granting partial summary judgment as to as to [sic] defendant's New Matter in *VO Realty v. Chin*.

Appellant's Brief at 4.[3]

---

[3] Appellant's brief does not conform to Pa.R.A.P. 2119 insofar as he failed to divide the argument into sections that correspond with the two issues he raised in his statement of questions involved. Although this Court is authorized to quash a nonconforming brief, Appellant's procedural misstep does not substantially impede our ability to perform appellate review; therefore, we shall address the merits of the arguments that have been preserved for review. Pa.R.A.P. 2101.

Appellant challenges the pretrial entry of partial summary judgment in favor of Edwin and V.O. Realty. In reviewing matters of summary judgment, we are governed by the following well-established principles:

> Our scope of review of an order granting summary judgment is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 60–61 (Pa. Super. 2006) (citation omitted).

> Motions for summary judgment implicate the plaintiff's proof of the elements of his cause of action. *Chenot*, 895 A.2d at 61 (citation omitted). Summary judgment is proper "if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2). In other words, "whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report," Pa.R.C.P. 1035.2(1), and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense. *Chenot*, 895 A.2d at 61.

> When reviewing a grant of summary judgment, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. *Id.* We will disturb the trial court's order only upon an error of law or an abuse of discretion. "Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration." *Chenot*, 895 A.2d at 61 (citation omitted). Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law, exercises its discretion

in a manner lacking reason, or does not follow legal procedure. *Id.* (citation omitted).

> Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden. It is not sufficient to persuade the appellate court that it might have reached a different conclusion if charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. *Chenot*, 895 A.2d at 61 (citation omitted). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused. *Id.* at 61–62 (citation omitted).

*Continental Casualty Company v. Pro Machine*, 916 A.2d 1111, 1115–1116 (Pa. Super. 2007).

Appellant first argues the trial court erred in entering partial summary judgment on his counterclaims in Edwin's favor because "the Orphans' Court did *not* adjudicate those claims and, in fact, they were not even presented to the Orphans' Court for determination." Appellant's Brief at 13. Appellant explains that, in the orphans' court action, he requested that Edwin be directed to file a supplemental accounting based on Edwin's withholding of assets belonging to their mother's estate; Appellant did not "ask the Orphans' Court to award him income from the properties he believed Edwin to have wrongfully converted," which request was the basis for Appellant's counterclaims. *Id.* at 16. Appellant contends that no final judgment was entered on any of the issues raised in his counterclaims because they arose only after the Orphans' Court ruled that "Edwin had obtained possession of

the 937 Race Street Property and 126 Tenth Street Property through a forged Power of Attorney." *Id.* at 18.

In response, Edwin asserts:

[F]rom the very beginning of the Orphans' Court Action, [Appellant] sought affirmative relief from the Orphans' Court in the form of both a transfer of the properties in question, as well as a disgorgement of the income related to those properties. It was only when the Orphans' Court refused to provide the latter relief that [Appellant] concocted his current argument.

Edwin's Brief at 33.

The trial court dismissed Appellant's counterclaims after concluding they were barred by the doctrine of *res judicata*:

Plaintiff, Edwin Chin, commenced the current action alleging breach of contract, conversion, negligence and unjust enrichment. Subsequently, [Appellant] filed counterclaims for an accounting (Count I), conversion (Count II), fraud and misrepresentation (Count III), enforcement and decree and constructive trust (Count IV), unjust enrichment (Count V) and tortious interference (Count VI). [Edwin] now brings the instant motion for summary judgment asserting that the doctrine of res judicata bars [Appellant's] counterclaims for Counts I-V. Alternatively, [Appellant] argues that the current claims are distinguished from the prior causes of action in the Orphans' Court proceeding because the relief requested is different. However, the court finds this argument meritless.

[Edwin] and [Appellant] are brothers. Prior to initiating the current action, the parties engaged in litigation over the administration of their deceased mother's estate which included the possession of and title to a number of family properties and businesses. The matter proceeded to trial before the Honorable Joseph D. O'Keefe, on May 14, 2009. [Appellant] alleges that in the Orphans' Court proceeding he sought possession of the disputed properties and in the current proceeding he seeks income allegedly owed to him from the properties prior to the transfer of possession.

- 10 -

In the Orphans' Court proceeding, [Appellant] filed objections and amended objections which disputed [Edwin's] first and final account of the estate and alleged that [Edwin] did not include income from the disputed properties. See [Edwin's] motion for summary judgment, Exhibit C. [Appellant] further argues that although the income from the disputed properties was mentioned in the objections and amended objections, it was not argued in court and therefore not adjudicated. Judge O'Keefe noted in his opinion that "all objections having been addressed and adjudicated . . ." awarded [Appellant] ownership of the properties located at 937 & 939 Race Street, Philadelphia, Pennsylvania. Id. at Exhibit E. Judge O'Keefe did not award [Appellant] past income from the disputed properties. Id. This court finds, pursuant to Judge O'Keefe's opinion, in which all objections were addressed and adjudicated, that the current claims of [Appellant] are barred by the doctrine of res judicata. Further, [Appellant] stipulates to dismissing Count VI for tortious interference. See defendant's response to plaintiff's motion for summary judgment, p. 1. Therefore, [Edwin's] motion for summary judgment is granted and [Appellant's] counterclaims are dismissed.

Trial Court Order, 5/16/13, at unnumbered page 1–2 n.1.

We have explained the doctrine of *res judicata* as follows:

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action between the parties and their privies. The doctrine therefore forbids further litigation on all matters which might have been raised and decided in the former suit, as well as those which were actually raised therein. Similarly, [t]he doctrine of collateral estoppel or issue preclusion prevents a question of law or an issue of fact that has once been litigated and fully adjudicated in a court of competent jurisdiction from being relitigated in a subsequent suit.

***Mariner Chestnut Partners, L.P. v. Lenfest***, 152 A.3d 265, 286 (Pa.

Super. 2016) (internal citations and quotation marks omitted). Application

of the doctrine of *res judicata* as an absolute bar to a subsequent action

requires that the two actions possess the following common elements: "(1) identity of the thing sued upon; (2) identity of the cause of action; (3) identity of the parties; (4) identity of the capacity of the parties." **Stoeckinger v. Presidential Financial Corp. of Delaware Valley**, 948 A.2d 828, 832 (Pa. Super. 2008). The doctrine is designed to conserve limited judicial resources, establish certainty in judgments, and protect the party relying upon the judgment from vexatious litigation. **Yamulla Trucking & Excavating Co., Inc. v. Justofin**, 771 A.2d 782, 784 (Pa. Super. 2001).

In the orphans' court proceeding, Edwin, as executor, and Appellant, as objector, litigated the real and personal property assets of their mother's estate to final judgment. **Estate of Chin**, 38 A.3d 916, 1717 EDA 2010 (Pa. Super. filed November 10, 2011) (unpublished memorandum), *appeal denied*, 50 A.3d 124 (Pa. filed August 13, 2012). Consequently, Edwin retained title to several real properties and to a share of several business interests, and Appellant received title to two real properties and to a share of several business interests. Contrary to Edwin's characterizations, however, our review of the record indicates that Appellant sought an accounting—not distribution—of Edwin's "receipts of income from the business interest and properties." Amended Objections, 4/9/13, at misnumbered ¶ 10(6). Subsequently, Appellant sought:

> recovery of monies due to him as a result of Edwin's fraudulent
> conduct and conversion of real property, which fraudulent

- 12 -

conduct was adjudicated in the Orphans' Court Action, for which [Judge] O'Keefe . . . ordered that Edwin convey real property and shares to [Appellant], but for which [Judge] O'Keefe . . . did not adjudicate [Appellant's] rights to personal property related to Edwin's fraudulent conduct.

Response in Opposition to Plaintiff's Motion for Summary Judgment, 5/10/13, at ¶ 21. Thus, we agree with Appellant that his counterclaims were not expressly raised in the orphans' court proceeding or addressed by the orphans' court.

The flaw in Appellant's reasoning, however, is that he could have raised his counterclaims in the orphans' court proceeding. Appellant's counterclaims and the orphans' court proceeding share sufficient identity of (1) the thing sued upon; (2) the cause of action; (3) the parties; and (4) the capacity of the parties. *Stoeckinger*, 948 A.2d at 832. In the orphans' court proceeding and the counterclaims, Appellant averred that Edwin acted fraudulently with regard to their mother's estate and requested an accounting. Appellant could have raised his counterclaims in the orphans' court proceeding and requested the disbursement of ill-gotten gains, in the event the orphans' court determined that Edwin had acted fraudulently. Rather, more than three years after the orphans' court determined that Edwin had, in fact, acted fraudulently, Appellant hitched his counterclaims to

Edwin's unrelated action for damages.[4]  Consequently, Appellant's counterclaims are barred by the doctrine of *res judicata*.  **Accord Mariner Chestnut Partners**, 152 A.3d at 286 ("The doctrine [of *res judicata*] . . . forbids further litigation on all matters **which might have been raised and decided in the former suit**, as well as those which were actually raised therein.") (emphasis supplied).

Appellant's second complaint is that the trial court erred in granting partial summary judgment in favor of V.O. Realty based on *res judicata* because "the Orphans' Court never addressed whether [Appellant] had an ownership interest in V.O. Realty separate and apart from his mother's interest[.]"  Appellant's Brief at 25.  According to Appellant, the "basic elements for application of *res judicata* were not met here."  **Id.** at 26 n.6. Appellant contends:

> Here, there was no identity of things sued upon or for because the Orphans' Court matter related to whether Edwin had fulfilled his responsibilities as Executor and transferred estate assets to [Appellant]. . . .  Here, in the *VO Realty* action, the issues were whether [Appellant] had an independent basis for ownership in VO Realty Company.

**Id.**  Appellant further argues that his name is listed on court pleadings and the satisfaction of mortgage papers as a co-owner of V.O. Realty and that he "paid for construction and improvements to the property as a co-owner."

---

[4]  Appellant's counterclaims are arguably time-barred, as well.  **See** 42 Pa.C.S. § 5524 (actions for torts must be brought within two years of when an injury is inflicted and the right to institute a suit arises).

*Id.* at 26. Thus, Appellant concludes, Edwin knew Appellant had an ownership interest in V.O. Realty. *Id.* at 27.

Edwin retorts that Appellant "took the position with the Orphans' Court that if it did not award him his mother's shares pursuant to her Will, [Appellant] would have no ownership interest in those Corporations [including V.O Realty]." Edwin's Brief at 37. Citing Appellant's own representations that he had no ownership interest in V.O. Realty, Edwin continues:

> [Appellant] either knew that he had some independent ownership interest in V.O. Realty, yet he deliberately lied to the Orphans' Court about that interest . . . [o]r, [Appellant] knew he had no independent ownership interest in V.O. Realty. . . . As a result of those representations, the trial court concluded that the Orphans' Court did, in fact, fully resolve the issue of the ownership interest in V.O. Realty, on all fronts.

*Id.* at 38.

The trial court disposed of Appellant's second issue as follows:

> [Appellant] is claiming an ownership interest in V.O. Realty separate and apart from his mother's estate. As previously noted, the parties in this matter engaged in extensive litigation over the administration of their deceased mother's estate before the Honorable Joseph D. O'Keefe. Among the issues before Judge O'Keefe was [Appellant's] claim that [Edwin] had improperly failed to include the mother's shares in V.O. Realty in the estate because the shares had been improperly transferred to [Edwin] prior to their mother's death. In the Orphans' Court action, [Appellant] conceded that the only ownership [interest] he claimed would have been through his mother's will.
>
> [Appellant's] claim is barred by the doctrine of res judicata. The doctrine applies to all claims "that were raised or could have been raised in the previous adjudication." Stilp v. Commonwealth of PA, 910 A.2d 775, 783 (Pa. Comm. Ct. 2006).

> [Appellant] asserts that his ownership is evidenced by various documents which were not utilized in the Orphans' Court proceeding. This court agrees with [V.O. Realty] that [Appellant] could have and should have presented these documents in the Orphans' Court proceeding when he challenged [Edwin's] ownership interest in V.O. Realty, particularly since [Appellant] was claiming that his only interest in V.O. Realty would have been through his mother's will. [Appellant] had ample opportunity to present his claims before Judge O'Keefe but chose not to do so. As a result, he is precluded from doing so in the instant litigation. See Daniels v. State Farm Mutual Ins. Co., 305 Pa. Super. 352, 356 (1982). Therefore, [V.O. Realty's] motion for summary judgment is granted and paragraph 37 of [Appellant's] new matter is dismissed.

Trial Court Order, 7/16/14, at unnumbered page 2 n.1.

We reiterate that the doctrine of *res judicata* requires identity of the thing sued upon, the cause of action, the parties, and the capacity of the parties; the doctrine is designed to conserve judicial resources, establish certainty in judgments, and protect litigants from vexatious litigation. **Stoeckinger**, 948 A.2d at 832; **Yamulla Trucking**, 771 A.2d at 784. With these principles in mind, we consider Appellant's position disingenuous.

The orphans' court proceeding clearly involved the issue of who owned shares in several corporations, including V.O. Realty, that were to pass to Appellant under his mother's will but that Edwin claimed as a result of purchasing them from his mother before her death. In the orphans' court proceeding, Appellant claimed ownership to V.O. Realty only through his mother's will. Amended Objections, 4/9/13, at misnumbered ¶¶ 5(4), 7(2). Following a non-jury trial, the orphans' court found that, despite Appellant's claim, Edwin validly purchased V.O. Realty from his mother and, therefore,

solely owned that corporation. Trial Court Opinion on Remand, 10/6/11, at 1. This Court affirmed that decision on appeal, and the Pennsylvania Supreme Court denied allowance of appeal. *Estate of Chin*, 38 A.3d 916, 1717 EDA 2010 (Pa. Super. filed November 10, 2011) (unpublished memorandum), *appeal denied*, 50 A.3d 124 (Pa. filed August 13, 2012).

Yet, in Appellant's response to V.O. Realty's action underlying this appeal, he claims an ownership interest in V.O. Realty independent of his mother's will. Answer and New Matter, 2/1/13, at ¶ 37. Again, the flaw in Appellant's argument is that he could have raised his defense to the validity of Edwin's purchase in the orphans' court proceeding, but he did not. Rather, more than three years after the orphans' court concluded that Edwin solely owned V.O. Realty, Appellant hitched his ownership claim to V.O. Realty's unrelated action for damages. Consequently, Appellant's defense is barred by the doctrine of *res judicata*. *Mariner Chestnut Partners*, 152 A.3d at 286.

We have reviewed all the evidence of record in the light most favorable to Appellant and resolved all doubts as to the existence of a genuine issue of material fact against Edwin and V.O. Realty. *Chenot*, 895 A.2d at 60–61. In doing so, we discern no error of judgment, no overriding or misapplying of the law, no manifestly unreasonable exercise of judgment, no partiality, prejudice, bias or ill-will, as shown by the evidence or the record. *Id.* at 61–62. Thus, we conclude the trial court did not abuse its

discretion in granting Edwin and V.O. Realty partial summary judgment and dismissing Appellant's counterclaims and defense based on the doctrine of *res judicata*.

Judgments affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/27/2017*