340 A.2d 427

**COMMONWEALTH of Pennsylvania**

v.

**Donald RILEY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 11, 1975.

Decided July 7, 1975.

James J. Binns, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

On March 23, 1972, Rose Kirk was found dead in her Philadelphia residence. The following day during police interrogation, appellant Donald Riley admitted killing Ms. Kirk. Subsequently, appellant was indicted for the murder.

On July 21, 1972, appellant filed a motion to suppress the incriminating admissions he had made to the police. He asserted that the admissions were inadmissible because they were products of an illegal arrest and because he had not knowingly, intelligently, and voluntarily waived his *Miranda* [1] rights. A suppression hearing was held on October 11, 1972, and at this proceeding appellant argued that the admissions were made involuntarily and that he was not given timely *Miranda* warnings. After the hearing, the suppression court denied the motion.

Appellant's jury trial commenced on March 14, 1973, and on March 19 the jury found appellant guilty of murder in the first degree. The court denied post-verdict motions and sentenced appellant to life imprisonment. This appeal ensued. [2] We affirm.

Appellant first asserts that his incriminating admissions were products of an unnecessary delay between ar-

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

2. See Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1974).

rest and preliminary arraignment and are, therefore, inadmissible. See Pa.R.Crim.P. 118 (subsequently renumbered Pa.R.Crim.P. 130, 19 P.S. Appendix); *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972).

This Court has consistently held that, where after the date of our decision in *Futch* an appellant had an opportunity to raise his *Futch* claim before or at trial but failed to do so, he may not assign as error on appeal the admission into evidence of incriminating statements allegedly products of unnecessary delay between arrest and preliminary arraignment. See *Commonwealth v. Newsome*, 462 Pa. 106, 337 A.2d 904 (1975); *Commonwealth v. Tucker*, 461 Pa. 191, 201, 335 A.2d 704, 708–09 (1975); *Commonwealth v. Johnson*, 457 Pa. 554, 558, 327 A.2d 632, 635 (1974); *Commonwealth v. Blagman*, 458 Pa. 431, 438, 326 A.2d 296, 300 (1974) (concurring opinion of Roberts, J., joined by Jones, C. J., and O'Brien, Nix and Manderino, JJ.).

Appellant's suppression motion was filed three months after the date of the *Futch* decision; his suppression hearing was conducted almost three months after his motion was filed; and his trial commenced almost five months after the suppression hearing.

At no time prior to or during trial did appellant present his *Futch* claim to the trial court by arguing that his admissions were products of unnecessary delay between arrest and preliminary arraignment, that they were products of a violation of Pa.R.Crim.P. 118, or that their admission into evidence would be improper under our decision in *Futch* or any of *Futch's* progeny. Thus, appellant's claim of unnecessary delay was not timely presented to the trial court and therefore may not be considered on appeal.

Appellant also argues that his statements were inadmissible as the products of an illegal arrest. Although this claim was properly presented before trial in

the suppression motion, appellant did not raise this issue in post-verdict motions. Therefore, he may not now assert this claim on appeal. *Commonwealth v. Murray*, 460 Pa. 605, 607 n. 1, 334 A.2d 255, 256 n. 1 (1975); *Commonwealth v. Bronaugh*, 459 Pa. 634, 331 A.2d 171 (1975); *Commonwealth v. Reid*, 458 Pa. 357, 326 A.2d 267 (1974).

Judgment of sentence affirmed.

JONES, C. J., did not participate in the consideration or decision on this case.