633 A.2d 125

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Matthew A. METZ, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 11, 1993.

Decided Nov. 1, 1993.

Patrick J. Thomassey (Court-appointed), Monroeville, for appellant.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal A. Mericli, Michael W. Streily, Asst. Dist. Attys., for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

We granted allocatur in this case to address the issue of whether the police had adequate reason to stop Appellant's vehicle based upon his avoidance of a systematic roadblock. However, because we find that Appellant waived this issue, we do not reach it. Nor do we find it appropriate for the Superior Court to have reached it. Accordingly, we reject the reasoning of the Superior Court and affirm only the result of its Order affirming the judgment of sentence. 412 Pa.Super. 100, 602 A.2d 1328.

This appeal arises from the events of July 1, 1988, at approximately 11:30 p.m. Pursuant to 75 Pa.C.S. § 6308(b), the Pennsylvania State Police had set up a systematic roadblock at the entrance to the Blair Heights Housing Project in Clairton. The officers were checking for vehicle registration, proof of insurance, and driver's license. Trooper Raymond Paul noticed a 1967 Pontiac convertible, driven by Appellant, pull up to the check area. According to Trooper Paul, the vehicle came to a sudden stop and then started to back up and pull away from the officers. The officers immediately pursued the car and stopped it.

The officers then approached and asked Appellant to step out of the car and produce his driver's license and registration. When Appellant got out of the car Trooper Paul saw a .357 magnum on the floor alongside the driver's seat. He ordered the passengers out of the car and recovered the gun, which he found to be fully loaded. He also found drug paraphernalia in the back seat. Appellant did not have a license to carry the gun. The officer arrested Appellant and transported him to the police station. After Appellant was taken to the station, police discovered eight packets of heroin and nine packets of cocaine in the patrol car behind the seat where Appellant had been sitting. Appellant was later charged with drug and firearms violations.

Appellant filed a pro se pre-trial motion to suppress, *inter alia*, evidence obtained during the search of his automobile, arguing that the evidence was obtained pursuant to an illegal search of his person. (R. 30–32.) Following a hearing at which Appellant was represented by counsel, the trial court denied the motion and found Appellant guilty on two misdemeanor counts of possession of a controlled substance, one misdemeanor count of carrying a firearm without a license, and one misdemeanor count of possessing a firearm illegally as a former convict. The court found Appellant not guilty on two felony counts of possession with intent to deliver. Appellant filed a pro se motion for a new trial and arrest of judgment, which was denied.

Appellant then appealed to the Superior Court, raising only the issue of whether his conduct in avoiding the roadblock had given rise to a reasonable suspicion that criminal activity was afoot or that he had committed a violation of the Vehicle Code. *See Commonwealth v. Metz*, 412 Pa.Super. 100, 104, 602 A.2d 1328, 1330 (1992). The Superior Court affirmed, with each member of the three-judge panel writing separately. Judges Popovich and Kelly wrote to affirm on the merits; Judge Wieand would have affirmed without reaching the merits, because he found that Appellant had waived the suppression issue by failing to raise it in a post-trial motion.

This Court granted leave to appeal in order to address the issue of whether Appellant's conduct in avoiding the roadblock gave the officers adequate reason to stop his vehicle. Upon further review of the record, however, we agree with the Commonwealth that the suppression issue was waived for Appellant's failure to raise it in a post-trial motion.

It is well-established that issues not raised in post-trial motions are not preserved for appellate review. *See, e.g., Commonwealth v. Spiewak*, 533 Pa. 1 n. 2, 617 A.2d 696, 697 n. 2 (1992); *Commonwealth v. Mitchell*, 525 Pa. 556, 583 A.2d 422 (1989) (per curiam); *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296, 1298 (1979). This rule applies even where the issue was properly presented in a pre-trial motion. *See Commonwealth v. Riley*, 462 Pa. 190, 192–193, 340 A.2d 427, 428 (1975).

We recognize that exceptions to this rule have been made in certain limited circumstances—specifically, where the appellant raises the issue post-trial in a procedurally defective manner and the trial court chooses to overlook the defect and address the issue on its merits. *See, e.g., Commonwealth v. Sheaff*, 518 Pa. 655, 544 A.2d 1342 (1988) (per curiam) (Superior Court erred in considering issue waived where it was presented in supplemental post-trial motions filed without leave and trial court nevertheless addressed issue on merits), *reversing* 365 Pa.Super. 613, 530 A.2d 480 (1987); *Kurtas v. Kurtas*, 521 Pa. 105, 555 A.2d 804, 806 (1989) (Superior Court erred in refusing to review merits of appeal where trial court chose to ignore untimely filing of post-trial motions and addressed merits of alleged errors); *Commonwealth v. Hewett*, 380 Pa.Super. 334, 551 A.2d 1080 (1988), *allocatur denied*, 522 Pa. 583, 559 A.2d 526 (1989); *Commonwealth v. Sopota*, 403 Pa.Super. 1, 587 A.2d 805, *allocatur denied*, 528 Pa. 629, 598 A.2d 283 (1991). However, this case presents no such circumstances. Here, the issue was not raised at all at the post-trial stage, not even in a procedurally flawed manner. In addition,

346

the trial court did not choose to overlook the appellant's omission and address the issue on its merits.[1]

Moreover, this case is one in which the Superior Court was particularly ill-advised to overlook the waiver doctrine, for in this case the Superior Court was not provided with a sufficient record on which to make a reasoned decision. Not only did the trial court fail to discuss the merits of the issue in its opinion following the denial of post-trial motions, but that court also failed to make findings of fact and conclusions of law following the suppression hearing as required by Rule 323(i) of the Pennsylvania Rules of Criminal Procedure.[2] Thus, the Superior Court did not have the benefit of any of the trial court's reasoning on the issue.[3] This deficiency was compounded by the fact that the remainder of the record provides little illumination of the issue. We note in particular that defense counsel's cross-examination of the state troopers only briefly touched on the events leading up to the stop of the

1. Although the Superior Court characterized the trial court's opinion following the denial of post-trial motions as addressing the issue on its merits, a review of that opinion reveals that this characterization is incorrect. The trial court acknowledged that it had denied the pre-trial motion to suppress, but the only discussion relevant to the roadblock issue was a brief factual reference to the pre-trial motion: "As to the suppression motion, a suppression hearing was held in which two Pennsylvania state troopers testified that the defendant was arrested as he attempted to drive his motor vehicle away from a police checkpoint where routine traffic stops were being conducted." (Trial court slip op. at 2.) The court engaged in no discussion of the substance of the issue. This brief mention is in contrast to the trial court's discussion of the merits of another suppression issue arising from the events of the same night. (Trial court slip op. at 2–3.)

2. This Court discussed the importance of compliance with Rule 323(i) in *Commonwealth v. Jackson*, 483 Pa. 101, 394 A.2d 930 (1978), noting that requiring the suppression court to provide specific findings of fact and conclusions of law drawn from those facts "affords the reviewing court the opportunity of distinguishing between judgments predicated upon the resolution of credibility disputes and those which resulted from the court's view of the controlling law." *Id.* at 105, 394 A.2d at 931.

3. One of the main purposes of the waiver doctrine is to insure that the appellate court is provided with the benefit of the trial court's reasoning. *See, e.g., Capital Cities Media v. O'Toole*, 506 Pa. 12, 483 A.2d 1339, 1344 (1984); *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101, 105 (1978).

automobile and that counsel failed to argue the issue, even when prompted to do so by the court.[4]

Where the issue was not preserved for appellate review, the Superior Court erred in reviewing its merits. *See Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981); *Benson v. Penn Central Transp. Co.*, 463 Pa. 37, 342 A.2d 393, 395–96 (1975). Accordingly, we reject the reasoning of the Superior Court and are constrained to affirm only the result of its Order affirming the judgment of sentence.

PAPADAKOS, J., concurs in the result.

---

**4.** We also note that on appeal to this Court counsel argues that the automobile stop violated Article I, Section 8 of the Pennsylvania Constitution. However, the issue was never raised under our state constitution prior to the filing of the appellate brief, not even in the petition for allowance of appeal. We have held that on appeal we are limited to the issues as framed in the petition for allowance of appeal. *Commonwealth v. Milyak*, 508 Pa. 2, 5 n. 3, 493 A.2d 1346, 1348 n. 3 (1985). *See* Pa.R.A.P. 1115(a)(3).