**COMMONWEALTH of Pennsylvania**

v.

**Joseph SCAVELLO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 18, 1997.

Filed Oct. 15, 1997.

Arthur L. Gutkin, Conshohocken, for Appellant.

Mary M. Killinger, Executive Asst. Dist. Atty., Norristown, for Com., Appellee.

Before CIRILLO and CERCONE, President Judges Emeritus, and MONTEMURO, J.*

CIRILLO, President Judge Emeritus:

Joseph Scavello appeals from the judgment of sentence of the Court of Common Pleas of Montgomery County. We reverse.

At approximately 1:40 a.m. on Sunday November 21, 1993, Scavello was driving a black Pontiac coupe westbound on Route 73 in Worcester Township, Montgomery County. Shortly after crossing Route 363, Scavello saw a police roadblock placed pursuant to 75 Pa.C.S.A. § 6308.[1] Upon viewing the roadblock, Scavello made a legal U-turn and

* Retired Justice assigned to the Superior Court.

1. The roadblock was set up as a part of a Pennsylvania State Police program to combat motorists who drive while intoxicated.

headed east on Route 73 away from the roadblock. Trooper Blair C. Miller of the Pennsylvania State Police, one of the troopers assigned to the roadblock, witnessed Scavello's U-turn and entered his cruiser and proceeded after Scavello. Trooper Miller quickly caught up with Scavello and effected a traffic stop. During the stop Trooper Miller inquired of Scavello as to why he made a U-turn. Scavello replied that he "didn't want to be hassled by the police." While talking with Scavello, Trooper Miller smelled alcohol emanating from his breath. Trooper Miller then administered a field sobriety test, the result of which gave him probable cause to believe that Scavello was driving while intoxicated. Scavello was then placed under arrest and taken to a testing facility which revealed that Scavello's blood alcohol content was .102 percent.

Scavello was subsequently charged with driving under the influence of alcohol as well as careless driving and underage consumption of alcohol.[2] Scavello filed a pre-trial motion to suppress any and all evidence attained as fruits of an illegal traffic stop. This motion was denied. After knowingly and intelligently waiving his rights to a jury trial, a bench trial ensued. Scavello was subsequently convicted of underage drinking and driving under the influence of alcohol and sentenced to 30 days to 23 months imprisonment and fined $300.00. Scavello was also ordered to pay the costs of prosecution and attend and complete safe driving school. This appeal followed. Scavello presents one question for our consideration:

Whether the court erred in finding that reasonable suspicion existed to effectuate a car stop solely as a result of the driver of the automobile executing a legal u-turn after viewing a police roadblock?

■ When we review an order denying a motion to suppress evidence, we must determine whether the factual findings of the trial court are supported by the evidence of record. *Commonwealth v. Jackson*, 451

2. At the preliminary hearing the careless driving charged was dismissed.

Pa.Super. 129, 132, 678 A.2d 798, 800 (1996). In making this determination, this court may only consider the evidence of the Commonwealth's witnesses, and so much of the witnesses for the defendant, as fairly read in the context of the record as a whole, which remains uncontradicted. *Id.* Additionally, it is exclusively the province of the trial court to determine the credibility of the witnesses and weight to be accorded their testimony. *Commonwealth v. Fitzpatrick,* 446 Pa.Super. 87, 90–92, 666 A.2d 323, 325 (1995). If the evidence supports the findings of the trial court, we are bound by such findings and may reverse only if the legal conclusions drawn therefrom are erroneous. *Id.*

Scavello argues that Trooper Miller lacked reasonable suspicion to effect a traffic stop, and, thus, any and all evidence gathered as a result of the stop should be suppressed. Specifically, Scavello contends that mere performance of a legal U-turn to avoid a police roadblock does not in and of itself provide grounds to effectuate a traffic stop. In support of his contention, Scavello relies principally upon a panel decision of this court in *Commonwealth v. Metz,* 412 Pa.Super. 100, 602 A.2d 1328 (1992), *aff'd. on other grounds* 534 Pa. 341, 633 A.2d 125 (1993).[3]

In *Metz,* a plurality of this court held that where a motorist attempts to avoid a police roadblock, there must be specific and articulable facts present that the motorist was in violation of the Vehicle Code to effectuate a legal traffic stop. *Metz,* 412 Pa.Super. at 113–14, 602 A.2d at 1335. Underlying the plurality's decision was the concern that if legal actions by a motorist, the effect of which resulted in avoidance of a roadblock, gave rise to reasonable suspicion, then any legal maneuver in view of a police checkpoint, such as making a U-turn or turning onto a side street, could subject the motorist to an investigative detention. *Id.* at 107–13, 602

A.2d at 1332–34. Such an outcome, the plurality feared, undermined the protections guaranteed to all citizens under the Fourth Amendment of the United States Constitution and Article I, § 8 of the Pennsylvania Constitution.

Although we are not bound by the *Metz* decision, we find its reasoning persuasive and, therefore, rely upon it as controlling. Consequently, we hold that:

> a motorist's avoidance or attempt to avoid a police roadblock must be coupled with other articulable facts in order to give a police officer reasonable suspicion that the motorist is in violation of the Vehicle Code or that criminal activity is afoot.

*Metz,* 412 Pa.Super. at 114, 602 A.2d at 1335. We are cognizant of the Commonwealth's assertion that permitting motorists to choose whether they desire to cooperate with a roadblock will generally reduce its effectiveness.[4] However, we stress that if an officer can articulate facts that when combined with a motorist's avoidance of a roadblock lead the officer to believe that criminal activity is afoot, then an officer may make an investigatory stop. In that regard, it is necessary for the officer to describe all of the circumstances under which the avoidance of the roadblock occurred, including, but not limited to, whether the evasive action was sudden and abrupt, the distance from the roadblock at which the motorist attempted to avoid the roadblock, and the location of the roadblock.

Turning our attention to the case at hand, the record clearly reveals that Trooper Miller possessed no articulable facts that Scavello was engaged in any type of illegal activity. Trooper Miller did not state that Scavello stopped abruptly to make a U-turn, nor did he state that Scavello proceeded away from the roadblock at a high rate of

---

3. The Pennsylvania Supreme Court affirmed defendant's judgment of sentence, but passed no judgment upon the reasoning of the superior court's plurality decision, finding all of appellant's issues waived. *See Commonwealth v. Metz,* 534 Pa. 341, 633 A.2d 125 (1993).

4. We expressly disapprove of those jurisdictions which hold that legal avoidance of a roadblock presents reasonable suspicion to conduct an in-

vestigatory stop. Such an intrusion is clearly violative of our Constitutional protections against unreasonable searches and seizures. While the officer may have a "hunch" that the motorist is avoiding a roadblock, because the motorist has committed criminal activity, it is just as likely that the motorist forgot an item and is returning home to retrieve it, or is turning off onto a side street to visit a friend or relative.

speed or that Scavello was driving in an erratic manner. In short, Trooper Miller disclosed only that Scavello made a concededly legal U-turn and it was based upon this fact alone that Trooper Miller pulled Scavello over for an investigatory detention.[5] Because mere avoidance of a roadblock does not give rise to reasonable suspicion, we conclude that the suppression court clearly erred. *Metz, supra.* *Compare Commonwealth v. Frombach,* 420 Pa.Super. 498, 617 A.2d 15 (1992) (County Detective possessed reasonable suspicion that motorist who abruptly made a right turn at a high rate of speed to avoid a roadblock was violating the Vehicle Code). Accordingly, we reverse the suppression ruling and remand for a new trial consistent with this opinion. *Fitzpatrick, supra.*

Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.

---

**5.** In fact, the probable cause affidavit, which presented the sole evidence of the reason for the investigatory stop, clearly expresses that Trooper Miller's duty was to stop vehicles that attempted to avoid the roadblock.