J-S26033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| GREGORY BRENNAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KNIGHT BROS., INC.,  ENTERPRISE | : | No. 3458 EDA 2017 |
| TE PRODUCTS PIPELINE COMPANY, | : | |
| AND ENTERPRISE PRODUCTS | : | |
| OPERATING, LLC | : | |

Appeal from the Order Entered September 25, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  2014-2045

BEFORE:   BENDER, P.J.E., BOWES, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                **FILED JUNE 05, 2018**

Appellant Gregory Brennan appeals from the order entered by the Court of Common Pleas of Delaware County denying his Motion for Acceptance of the Filing of Post-Trial Motion *Nunc Pro Tunc*.  We affirm.

On March 6, 2014, Appellant initiated the instant action by filing a complaint against Knight Brothers, Inc. and Enterprise Product Partners, LP to seek damages for injuries Appellant sustained on April 4, 2012 when a mobile-tracked, self-propelled, brush chipping machine struck Appellant.  At that time, Appellant was working as a subcontractor for Knight Brothers, Inc., a company that had been hired to clear trees and brush from the right of way over an oil-and-gas pipeline that is owned by Enterprise TE Products Pipeline Company and operated by Enterprise Products Operating LLC.

_____

*   Former Justice specially assigned to the Superior Court.

Enterprise Product Partners, LP filed preliminary objections contending that Appellant failed to state a claim for relief against it as it claimed it had no ownership or interest in the right of way where the accident occurred. After the objections were overruled, Enterprise Product Partners, LP, filed an answer, claiming that it was not a proper defendant to the instant action.

On April 24, 2015, the trial court granted Appellant's motion to amend his complaint to substitute Enterprise TE Products Pipeline Company and Enterprise Products Operating LLC (collectively "Appellees") as defendants in place of Enterprise Products Partners, LP.

The parties proceeded to a bifurcated trial in which the parties agreed the trial court would first resolve issues related to defenses including statutory immunity and the relevant statute of limitations and then hold a jury trial to assess issues of negligence and damages.

After the bench trial commenced on February 23, 2017, the trial court issued an order on February 28, 2017, finding in favor of Appellees and against Appellant. The docket shows the order was filed on March 3, 2017 and contains a notation that notice of the entry of the order was issued to all counsel on March 3, 2017, pursuant to Pa.R.C.P. 236.

On March 17, 2017, Appellant filed a notice of appeal to this Court, which was docketed at 975 EDA 2014. Appellees attempted to submit a praecipe for the entry of judgment pursuant to Pa.R.C.P. 227.4, based on Appellant's

failure to file a timely post-trial motion.[1]  However, the Delaware County Office of Judicial Support rejected this filing as it was not accompanied by the requisite filing fee.  Nevertheless, the trial court noted that Appellees put Appellant on notice of his failure to file post-trial motions by sending copies of the praecipe to Appellant through the U.S. Mail and electronic mail.

Thereafter, on March 24, 2017, Appellant filed a Motion for Post-Trial Relief.  On March 27, 2017, Appellee Knight Brothers resubmitted a praecipe for judgment, which was entered in favor of Appellees against Appellant on that same day.  On March 28, 2017, Appellee Enterprise filed a motion to strike Appellant's Post-Trial Motion as untimely filed.  On April 3, 2017, Appellee Knight Brothers filed a similar motion.  On April 20, 2017, this Court entered a *per curiam* order, quashing the appeal at 975 EDA 2017 due to the pendency of Appellant's Post-Trial Motion in the lower court.

After holding oral argument, the trial court entered an order on June 7, 2017, granting Appellees' motions to strike Appellant's post-trial motion as

---

[1] The relevant provisions of Pa.R.C.P. 227.4 provide as follows:

> In addition to the provisions of any Rule of Civil Procedure or Act of Assembly authorizing the prothonotary to enter judgment upon praecipe of a party, the prothonotary shall, upon praecipe of a party:
>
> (1) enter judgment upon the verdict of a jury or the decision of a judge following a trial without jury, or enter the decree nisi as the final decree, if
>
> (a) no timely post-trial motion is filed;

Pa.R.C.P. 227.4(1)(a).

untimely filed. Emphasizing that Pa.R.C.P. 227.1(c)(2) requires an aggrieved party to file a post-trial motion within ten days of the trial court's verdict or decision, the lower court observed that Appellant's post-trial motion from its March 3, 2017 order was not docketed until March 24, 2017. The trial court also noted that Appellant had not requested to file a post-trial motion *nunc pro tunc*.

On June 15, 2017, Appellant filed a motion for the acceptance of the filing of a post-trial motion *nunc pro tunc* and a motion for reconsideration of the trial court's June 7, 2017 order. For the first time, Appellant alleged that he had not received notice of the trial court's March 3, 2017 order finding in favor of Appellees until March 13, 2017.

On June 26, 2017, Appellant subsequently filed another notice of appeal, which was docketed at 2033 EDA 2017. By order dated July 5, 2017, the trial court vacated its June 7, 2017 order striking Appellant's post-trial motion as untimely and scheduled argument on Appellant's motion for reconsideration and his motion to file a post-trial motion *nunc pro tunc*.

Thereafter, on August 1, 2017, this Court entered a *per curiam* order, quashing the appeal at 2033 EDA 2017, reasoning that the trial court's order vacating its June 7, 2017 order and granting reconsideration rendered the notice of appeal at this docket to be inoperative. **See** Pa.R.A.P. 1701(b)(3).

On September 25, 2017, the trial court denied both of Appellant's pending motions and reinstated its earlier order striking Appellant's untimely post-trial motion. Appellant filed a timely appeal and complied with the trial

court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

1. Did the trial court abuse its discretion in striking the Post-Trial Motion as not timely, as (1) the late filing of the Post-Trial Motion was due to a delayed notification to the Appellant of the Court's Order of February 28, 2017 by the Office of Judicial Support; (2) the failure of the Office of Judicial Support to "immediately give written notice" to [Appellant's] counsel in violation of Pa.R.C.P. 236; and (3) the extraordinary circumstance of a breakdown and failure in the Office of Judicial Support's operations in the manners stated in (1) and (2)[?]

2. Did the trial court abuse its discretion by failing to be impartial in its excusing of material errors on the part of the Delaware County Office of Judicial Support and of both [Appellees] and arbitrarily failing to act in the same manner and with the same degree of leniency towards [Appellant?]

Appellant's Brief, at 4.

This Court reviews a trial court's denial of a motion for leave to file post-trial motions *nunc pro tunc* under an abuse of discretion standard. ***D.L. Forrey & Assocs., Inc. v. Fuel City Truck Stop, Inc.***, 71 A.3d 915, 918 (Pa.Super. 2013) (citing ***Lenhart v. Cigna Companies, Inc.,*** 824 A.2d 1193, 1195 (Pa.Super.2003)). Further, this Court has provided:

> [T]he standard of review applicable to the denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.
>
> ***Freeman v. Bonner,*** 761 A.2d 1193, 1194–1195 (Pa.Super. 2000) (citations omitted).

Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the Trial Judge. More is required before such an appeal will be permitted than the mere hardship imposed upon the appellant if the request is denied. As a general matter, a Trial Court may grant an appeal *nunc pro tunc* when a delay in filing an appeal is caused by extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers. Where an appeal is not timely because of non-negligent circumstances, either as they relate to appellant or his counsel, and the appeal is filed within a short time after the appellant or his counsel learns of and has an opportunity to address the untimeliness, and the time period which elapses is of very short duration, and appellee is not prejudiced by the delay, the court may allow an appeal *nunc pro tunc*.

**McKeown v. Bailey***,* 731 A.2d 628, 630 (Pa.Super. 1999) (citations omitted). Our Supreme Court has made it clear that the circumstances occasioning the failure to file an appeal must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. **Criss v. Wise***,* 566 Pa. 437, 781 A.2d 1156 (2001).

Rule 227.1(c) of the Pennsylvania Rules of Civil Procedure provides as follows:

(c) Post-trial motions shall be filed within ten days after

(1) verdict, discharge of the jury because of inability to agree, or nonsuit in the case of a jury trial; or

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.

. . . . .
Pa.R.C.P. 227.1(c).

The Pennsylvania Supreme Court has stated that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. **See L.B. Foster Co. v. Lane Enterprises, Inc.,** 551 Pa. 307, 710 A.2d 55

(1998) ("Pa.R.Civ.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes. *See Benson v. Penn Central Transportation Company*, 463 Pa. 37, 342 A.2d 393 (1975) and *Commonwealth v. Metz*, 534 Pa. 341, 633 A.2d 125 (1993)"); *Lane Enterprises, Inc. v. L.B. Foster Co.,* 551 Pa. 306, 710 A.2d 54 (1998) (same).

*Diamond Reo Truck Co. v. Mid–Pacific Industries, Inc.,* 806 A.2d 423, 428 (Pa.Super.2002).

Our Court has consistently refused to entertain appeals from orders or verdicts following nonjury trials in actions at law when no post-trial motions have been filed. *See Krystal Development Corp. v. Rose*, 704 A.2d 1102, 1103 (Pa.Super. 1997) (without post-trial motions after a nonjury trial, there are no issues preserved for appellate review).

*Lenhart v. Cigna Companies*, 824 A.2d 1193, 1195–96 (Pa.Super. 2003).

In the instant case, Appellant concedes that his Post-Trial Motion was untimely filed. As noted above, Pennsylvania Rule of Civil Procedure 227.1 requires that a party must file a post-trial motion within ten days of notice of the filing of the decision or adjudication in his bench trial. *See Lenhart*, 824 A.2d at 1197 (recognizing that the proper procedure is for a party to file post-trial motions following the trial court's decision or verdict). As the docket indicates that notice of the trial court's verdict was sent to all parties on March 3, 2017, Appellant's Post-Trial Motion docketed on March 24, 2017 is untimely.

Even assuming *arguendo* that the trial court believed Appellant's allegation that he did not receive notice of the trial court's decision until March 13, 2017, Appellant still failed to file a post-trial motion within the required ten-day period which would have ended on March 23, 2017.

Moreover, we agree with the trial court's finding that Appellant has not shown there were extraordinary circumstances to excuse the untimely filing of his post-sentence motion. *See Lenhart*, *supra*. After receiving notice of the trial court's decision in favor of Appellees, Appellant chose to file a notice of appeal instead of a post-trial motion. Thereafter, Appellant received notice on March 21, 2017 that Appellees sought to enter judgment against Appellant for failing to file a post-trial motion. Appellant subsequently filed an untimely post-trial motion on March 24, 2017. In this post-trial motion, Appellant did not allege that he lacked timely notice or request *nunc pro tunc* relief.

Moreover, we are not persuaded by Appellant's attempt to place blame on the trial court for his failure to comply with our procedural rules. Despite Appellant's allegations to the contrary, there is no evidence of a breakdown in the Court's system that prevented him from filing a timely post-trial motion. The docket contains a notation that Appellant was sent proper notice of the trial court's decision in favor of Appellees. As mentioned above, even if we assume for the sake of argument that Appellant received delayed notice, Appellant admits that he failed to file a post-trial motion within ten days of the date that he allegedly received proper notice.[2]

_____

[2] We also find no merit in Appellant's contention that he is being unfairly penalized for failing to file an untimely post-trial motion when the trial court excused a "material error" of Appellees. Appellant's Brief, at 4. First, as Appellant did not raise this contention in the lower court, it is waived. Pa.R.A.P. 302(a) (issues not raised in lower court are waived on appeal). Second, Appellees were not required to file a praecipe for the entry of

Appellant was required by Rule 227.1 to file post-trial motions within ten days of the trial court's decision to preserve any issues for appellate review. We decline Appellant's request to be excused from complying with these procedural rules. "The grant of *nunc pro tunc* relief is not designed to provide relief to parties whose counsel has not followed proper procedure in preserving appellate rights." **Lenhart**, 824 A.2d at 1197–98.

For the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/18

---

judgment based on Appellant's failure to file a timely post-trial motion, but were permitted to do so to move the litigation process forward. **See** Comments to Pa.R.C.P. 227.4. In contrast, our Rules of Civil Procedure require Appellant to file a post-trial motion to preserve issues for appeal. **See** **Lenhart**, **supra**.