**[J-78-2022] [MO:Brobson, J.]**

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 22 MAP 2022 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered May 24, |
| | : | 2021 at No. 1788 MDA 2019 |
| v. | : | Affirming in Part and Vacating the |
| | : | Judgment of Sentence of the |
| | : | Bradford County Court of Common |
| JONATHAN RIVERA, | : | Pleas, Criminal Division, dated |
| | : | September 26, 2019, at No. CP-08- |
| Appellant | : | CR-0000606-2018 and Remanding |
| | : | for Resentencing. |
| | : | |
| | : | ARGUED:  November 29, 2022 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                                **DECIDED:  June 21, 2023**

I agree with the majority's conclusion that the prosecutor's line of questioning burdened Appellant's constitutional right to remain silent in the post-arrest timeframe, and that the error was not harmless beyond a reasonable doubt.  Even errors of constitutional dimension, however, must be raised and preserved in order to form a basis for relief on direct review.[1]  Unlike the majority, I am not convinced Appellant preserved his constitutional claim in the present case.  *See* Majority Op. at 30 n.18.

As recited by the majority, after the prosecutor asked the trooper on re-direct whether Appellant denied committing the underlying conduct, defense counsel objected,

---

[1] *See Interest of T.W.*, 261 A.3d 409, 424 n.9 (Pa. 2021) (quoting *Commonwealth v. Romberger*, 378 A.2d 283, 286 (Pa. 1977)); *Commonwealth v. Williams*, 660 A.2d 1316, 1320 (Pa. 1995); *accord Commonwealth v. Veon*, 150 A.3d 435, 456 n.33 (Pa. 2016) (plurality) (citing cases).

noting: "A person doesn't have to deny." N.T., 8/7/19, at 101; *see* Majority Op. at 6.[2]

That was the extent of counsel's objection, and the objection was immediately overruled.

I agree with the majority that counsel was not obligated, on pain of waiver, to request a

curative instruction in these circumstances, as counsel was aware the trial court did not

believe there was any error to cure. *See* Majority Op. at 30 n.18 (citing Pa.R.E. 103(b)).

However, evidentiary rule 103 provides that, to preserve a claim of error in an evidentiary

ruling, a party must not only make a timely objection, but articulate "the specific ground"

for the objection, "unless it was apparent from the context." Pa.R.E. 103(a)(1)(B); *see*

*also Interest of S.K.L.R.*, 256 A.3d 1108, 1124 (Pa. 2021) (noting to preserve a claim that

evidence was admitted in error, "the offended party must timely object to the admissibility

of the evidence and state a specific ground for the objection").

This is relevant because, although the intermediate court did not acknowledge it,

the Commonwealth argued waiver on this very basis – *i.e.*, that Appellant's objection was

insufficiently specific. *See* Brief for Commonwealth in *Commonwealth v. Rivera*, No. 1788

MDA 2019, at 7, 10, 13 (filed 9/4/20). Perhaps because it found the error harmless, the

Superior Court never reached the Commonwealth's claim.[3]

---

[2] As noted, the Commonwealth's questioning in this regard did not occur on direct examination but on redirect. Thus, the prosecutor delved into the topic only after defense counsel elicited on cross examination that the trooper had not talked to Appellant during his investigation. *See id*. at 100, *reprinted in* Majority Op. at 5. In my view a reasonable argument can be made the questioning was admissible as fair response. The majority rejects this conclusion stating the testimony on cross only pertained to the pre-arrest timeframe. *See* Majority Op. at 28. But that factual predicate is not entirely clear. While defense counsel's overall questioning related to the investigation, his specific question was, "you never talked to my client, did you?" and the answer was, "No, I attempted to." N.T., 8/7/19, at 100, *reprinted in* Majority Op. at 5. The word "never" can reasonably be construed as covering both pre- and post-arrest, and evidently that is how the prosecution construed it. Still, the Commonwealth does not presently argue the testimony on redirect was fair response, and it is not our function to make a litigant's argument for it.

[3] The Commonwealth renews the claim in its brief to this Court. *See* Brief for Appellee at 12-14.

As explained, defense counsel limited his reason for the objection to the assertion that "a person doesn't have to deny," and counsel did not request a sidebar or otherwise attempt to explain the basis for his objection any further than that. In so doing, counsel may have led the trial court astray by focusing on what the defendant was or was not required to say vis-à-vis the police – and this is confirmed by the trial court's follow-on remark to the jury that Appellant had the constitutional right not to deny culpability when speaking to the arresting officer.

In reality, though, the problem with the line of questioning was that Appellant's constitutional rights were infringed by having been asked *at trial* about his post-arrest silence. Even an unanswered question along those lines at trial has been deemed sufficient grounds for a new trial. *See Commonwealth v. Turner*, 454 A.2d 537, 538-40 (Pa. 1982). *Turner* may have been an extreme case, but it illustrates that the problem only arises at trial, and it arises with any line of questions relating to the defendant's post-arrest silence. The Commonwealth's position is that the counsel's "doesn't have to deny" assertion does not suggest a constitutional right is infringed by trial testimony concerning post-arrest silence. Had defense counsel been more specific, it is possible the trial court would have recognized the testimony should have been excluded. Presumably, the reason our rules require such specificity is precisely so that the trial court is put on notice what the asserted violation really is. Thus, I do not find the Commonwealth's argument frivolous.

Now that this Court has reversed the Superior Court's holding that the error was harmless, the specificity issue is salient. But that issue is beyond the scope of the question we accepted for review, *see Commonwealth v. Rivera*, 273 A.3d 510 (Pa. 2022)

(*per curiam*), *quoted in* Majority Op. at 11, and as such it is not before this Court.[4] Accordingly, rather than render a conclusory finding that the Commonwealth's claim lacks merit, *see* Majority Op. at 30 n.18, I would vacate the Superior Court's order and remand to that tribunal to consider the issue in the first instance. Because the majority instead awards Appellant a new trial, I respectfully dissent from such mandate.

---

[4] *See Briggs v. Sw. Energy Prod. Co.*, 224 A.3d 334, 350 (Pa. 2020) (explaining that "this Court is limited to the issue as it was framed in the petition for allowance of appeal") (citing Pa.R.A.P. 1115(a)(3); *Commonwealth v. Metz*, 534 Pa. 341, 347 n.4, 633 A.2d 125, 127 n.4 (1993)).