**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DAVIUS MANUEL ORTIZ | : | No. 667 MDA 2024 |

Appeal from the Order Entered April 4, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003567-2023

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: AUGUST 12, 2025**

The Commonwealth appeals from the order granting the motion of Davius Manuel Ortiz ("Ortiz") to dismiss the charges against him. We reverse and remand for further proceedings.

In September 2023, the Reading Police Department filed a police criminal complaint against Ortiz, with charges of firearms not to be carried without a license and possession of a small amount of marijuana.[1] The affiant, Reading Police Officer Robert Crowley ("Officer Crowley"), attached an "Affidavit of Probable Cause" to the complaint, which stated the following.

---

[1] **See** 18 Pa.C.S.A. § 6105(a)(1); 35 P.S. § 780-113(a)(31). The criminal complaint also included a charge of possession of a controlled substance. **See** 35 P.S. § 780-113(a)(16). At the preliminary hearing, the trial court dismissed this latter charge, and on appeal the Commonwealth does not contest this.

Officer Crowley responded to a call that a man, who was on probation, was in a vehicle and possessed a firearm. When Officer Crowley arrived on scene, officers had already detained the person on probation, as well as Ortiz. Officer Crowley advised Ortiz of his **Miranda**[2] rights, and another officer performed a "[s]earch incident to arrest" on him. Police Criminal Complaint, Affidavit of Probable Cause, 9/21/23, at unnumbered 1. Upon obtaining a search warrant, Officer Crowley searched the vehicle. This affidavit of probable cause concluded with Officer Crowley's "request [for] an arrest warrant." **Id**. at unnumbered 2. Pertinently, Officer Crowley signed this affidavit of probable cause, but the magistrate court did not.[3]

As noted above, the charges proceeded to a preliminary hearing, where the trial court bound over the firearms and possession of a small amount of marijuana charges. Subsequently, Ortiz filed a counseled omnibus pretrial motion, arguing, *inter alia*, that the lack of the magistrate court's signature on the affidavit of probable cause for the search warrant violated the Pennsylvania Rules of Criminal Procedure and thus rendered the criminal complaint defective.

The trial court conducted a hearing, at which Ortiz presented the same claim, and further argued he "was improperly arrested without a valid

---

[2] **See Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] The magistrate court did sign the police criminal complaint.

warrant." N.T., 4/4/24, at 14. The Commonwealth did not challenge Ortiz's argument, but stated it would refile the charges. *See id*. at 18. Officer Crowley, who was present, stated Ortiz "was in custody[, and thus he] finished up the warrant . . . and gave it to central [*sic*]." *Id*. at 15. At the conclusion of the hearing, the trial court dismissed the criminal complaint, on the ground the affidavit of probable cause for the arrest warrant did not contain the issuing authority's signature, in violation of Pa.R.Crim.P. 504 and 513.[4] *See id*. at 25.

The Commonwealth filed a motion for reconsideration, arguing: (1) the lack of the magistrate court's signature on the affidavit of probable cause for a search warrant was "not a substantive defect," because "[a]n arrest warrant was not issued for [Ortiz] as he was already [in custody] on a warrantless arrest;" (2) "the last sentence [of the affidavit of probable cause,] which asked for an arrest warrant, was [thus] a defect;" (3) the magistrate court's signature "was not necessary and the affidavit of probable cause was in compliance with Pa.R.Crim.P. 513(B)(2);" (4) Pa.R.Crim.P. 504 did not otherwise "require an affidavit of probable cause to be attached to a criminal complaint;" and (5) the lack of a signature did not prejudice Ortiz, who "was

_____

[4] *See* Pa.R.Crim.P. 504(10) (providing that "[e]very complaint shall contain . . . a request for the issuance of a warrant of arrest or a summons, *unless an arrest has already been effected*) (emphasis added), 513(B)(2) (stating that "[n]o arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority").

on notice of his criminal charges . . . and had the appropriate amount of time to properly prepare a defense." Motion for Reconsideration of Dismissal of Charges, 4/10/24, at unnumbered 3-5. Additionally, the Commonwealth averred that Ortiz's allegation of a defect in the criminal complaint was untimely under Pa.R.Crim.P. 109, which requires a defendant to raise such a challenge before the conclusion of the preliminary hearing.

The trial court did not rule on the Commonwealth's motion for reconsideration, and on the twenty-ninth day after the dismissal order, the Commonwealth filed a notice of appeal.[5] Both it and the trial court have complied with Pa.R.A.P. 1925.

In its opinion, the trial court now "agrees that the order [dismissing Ortiz's criminal complaint] was in error and that [Ortiz] was not entitled to relief . . . because [his claim] was untimely under Pa.R.Crim.P. 109." Trial Court Opinion, 7/2/24, at 2. The trial court thus requests this Court to vacate the order and remand for further proceedings. Ortiz has advised this Court, in writing, that he also agrees with the Commonwealth's argument and thus will not challenge the Commonwealth's position.

The Commonwealth presents two issues for our review:

> A. Did the trial court err in dismissing the criminal complaint pursuant to Pa.R.Crim.P. 504 and 513, as Ortiz waived any objection to any alleged defect in the complaint or procedure

---

[5] **See** Pa.R.A.P. 903(a) (providing that a notice of appeal "shall be filed within [thirty] days after the entry of the order from which the appeal is taken").

- 4 -

by failing to raise his objection before the conclusion of the preliminary hearing, as required by Pa.R.Crim.P. 109?

B. Did the trial court err in dismissing the criminal complaint pursuant to Pa.R.Crim.P. 513, as Ortiz was arrested without a warrant, and neither Pa.R.Crim.P. 504 nor Pa.R.Crim.P. 519 require a criminal complaint to be accompanied by an affidavit of probable cause?

Commonwealth's Brief at 4 (issues reordered for ease of disposition).

In its first issue, the Commonwealth avers Ortiz's challenge to the criminal complaint was untimely under Pa.R.Crim.P. 109. The Commonwealth maintains that Rule 109 requires a defendant to raise any claim, concerning a defect in a complaint, before the conclusion of the preliminary hearing. The Commonwealth reasons that here, Ortiz did not challenge the criminal complaint until after the preliminary hearing. The Commonwealth thus concludes Ortiz waived his issue, and points out the trial court now agrees with this conclusion.

Preliminarily, we first consider whether the Commonwealth has waived this argument. We note the Commonwealth did not raise its present claim at the hearing on Ortiz's omnibus pretrial hearing, nor before the trial court issued its dismissal ruling. Instead, the Commonwealth raised it for the first time in a motion for reconsideration. Our review of caselaw and the Rules of Criminal Procedure has not revealed authority addressing the question implicated here, of whether the Commonwealth must raise at the earliest instance an argument against a defendant's challenge to the form of a criminal complaint, or whether the Commonwealth may present such a claim in a

motion for reconsideration, after an order dismissing the criminal complaint.[6]

Nevertheless, this Court has stated, albeit with respect to a suppression

ruling:

> "One of the main purposes of the waiver doctrine is to ensure that the appellate court is provided with the benefit of the trial court's reasoning." *Commonwealth v Metz*, . . . 633 A.2d 125, 127 n.3 (Pa. 1993). Courts have declined to find waiver, even where the objection was not made in a procedurally proper manner. [*Id*.] at 127 (waiver not found where the appellant raised an issue in a post-trial motion and the trial court chooses to overlook the defect and address the issue on its merits).

*Commonwealth v. Santiago*, 822 A.2d 716, 723 (Pa. Super. 2003).

Here, the Commonwealth did raise its present claim before the trial

court, in a motion for reconsideration. Although the court did not rule on it

before the Commonwealth filed a notice of appeal at the end of the thirty-day

_____

[6] We note Pennsylvania cases have held that an appellant waives a novel theory, against a trial court's *evidentiary* or *suppression* ruling, when he fails to raise a contemporaneous objection or raises them for the first time in a motion for reconsideration. *See*, *e.g.*, *Commonwealth v. Smith*, 304 A.3d 35, 40 (Pa. Super. 2023) (holding "that, after the issuance of an order and opinion granting suppression, the Commonwealth may not offer a new legal theory to oppose suppression in a motion for reconsideration"); *Commonwealth v. Skipper*, 277 A.3d 617, 621-22 (Pa. Super. 2022) (holding the Commonwealth waived, for appellate review, a theory that the defendant had no expectation of privacy in a vehicle, because the Commonwealth did not raise it at the suppression hearing or post-hearing brief, but instead presented it for the first time after the trial court's ruling in a motion for reconsideration). *See also Commonwealth v. Rosser*, 135 A.3d 1077, 1086 (Pa. Super. 2016) (*en banc*) (noting that a "party complaining on appeal of admission of evidence in trial court is confined to specific objection there made; if counsel states ground for an objection, all other unspecified grounds are waived and cannot be raised for first time on appeal").

appeal period, the court addressed it in its Pa.R.A.P. 1925(a) opinion. Indeed, the trial court agrees with the Commonwealth's position and suggests this Court reverse the dismissal order and remand for further proceedings. Significantly, Ortiz similarly agrees with the Commonwealth's claim, and specifies that he will not challenge it. In light of the particular circumstances of this matter, we decline to find waiver. Accordingly, we proceed to review the merits of the Commonwealth's first issue.

We consider the relevant standard of review:

> Issues of statutory construction involving the Pennsylvania Rules of Criminal Procedure present a pure question of law and, thus, our standard of review is *de novo* and our scope of review is plenary.
>
> > We begin by observing that we apply the Statutory Construction Act, 1 Pa.C.S.[A.] §§ 1501-1991, when interpreting the Rules of Criminal Procedure. . . . [C]ourts must give effect to every provision of the statute, as the legislature is presumed not to intend any statutory language to exist as mere surplusage.

***Commonwealth v. Carl***, 276 A.3d 743, 749-50 (Pa. Super. 2022) (some citations omitted).

Pennsylvania Rule of Criminal Procedure 109 provides:

> A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa.R.Crim.P. 109.

After careful review of the record, we determine the Commonwealth is entitled to relief. **See Carl**, 276 A.3d at 749-50. The term, "shall," within Rule 109 denotes the mandatory nature of the rule: a "defendant **shall not be discharged**," on the ground of a defect in a complaint, unless the defendant raised the defect prior to the conclusion of the preliminary hearing. **Id**. (emphasis added). In this matter, it is clear Ortiz did not challenge the alleged defect in the complaint until after the preliminary hearing. Accordingly, we conclude, as did the trial court itself, that the court erred in dismissing the criminal complaint. **See** Trial Court Opinion, 7/2/24, at 2. We thus reverse the dismissal order and remand for further proceedings.

In light of our disposition of the Commonwealth's first issue, we need not reach the merits of its second issue. **See** Commonwealth's Brief at 10-12 (arguing that: (1) the trial court erred in applying Pa.R.Crim.P. 513, which governs the issuance of arrest warrants upon the filing of criminal charges, where "Ortiz was clearly arrested without a warrant;" (2) instead, Pa.R.Crim.P. 519, which governs warrantless arrests, applied;[7] and (3) thus "the trial court erred in concluding that a sworn affidavit of probable cause was required to be filed with the criminal complaint").

---

[7] **See** Pa.R.A.P. 519(A)(1) (providing that "when a defendant has been arrested without a warrant . . . , a complaint shall be filed against the defendant and the defendant shall be afforded a preliminary arraignment by the proper issuing authority without unnecessary delay").

For the foregoing reasons, we reverse the order dismissing the charges of firearms not to be carried without a license and possession of a small amount of marijuana.  We remand for further proceedings.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2025